124 So.2d 792 (1960)
Jessie Harris DURHAM et al., Plaintiff-Appellant,
v.
William Byrd BARNES et al., Defendant-Appellee.
No. 9355.
Court of Appeal of Louisiana, Second Circuit.
December 1, 1960.
*793 S. V. Prunty, Jr., Joseph R. Bethard, Shreveport, for appellants.
Mayer & Smith, Shreveport, for appellees.
BOLIN, Judge.
This is a suit brought by Jessie Harris Durham, individually and as administrator of the estate of Harris Edward Durham, for medical expenses and damages sustained when plaintiff's minor son was kicked in the face by a young male horse being kept by defendant. William Barnes operated the B & B Horse Ranch in Caddo Parish which business included the keeping, boarding, and renting of horses. Lloyds of London, the other defendant, was the liability insurer of the B & B Horse Ranch.
A few days prior to the accident, a customer brought the horse in question to the premises to be boarded. He was placed in a stall with the instructions to be let out only for being led about and exercised. This stall was equipped with a latch but was not locked. On October 23, 1958, young Durham, who boarded his own horse at defendant's ranch, visited the premises and saw the horse. He opened the stall and attached a lead rope to the halter on the colt and attempted to lead him. While in the process of leading the horse, Durham received a kick in the face which resulted in damage to his teeth, and a severe cut which left a pronounced scar upon healing. The kick was apparently rather severe, as he was rendered unconscious for eight or ten minutes.
The court a quo rejected the demands of the plaintiff and rendered judgment for defendants, from which the plaintiff has perfected a devolutive appeal to this Court.
Plaintiff contends that Barnes was negligent in leaving the ranch unattended; in harboring high spirited animals without adequate safeguards; and in failing to warn patrons of the dangerous nature of the horse which kicked young Durham.
The only serious conflict in the evidence, as it pertains to the circumstances surrounding the accident, relates to the time when the horse was actually brought on the premises. It is contended by plaintiff, with some corroboration, that the horse had been at the ranch for several days. Defendant, on the other hand, testified that the horse was brought to the premises to be boarded on the day immediately preceding the accident.
This case gives rise to the application of certain principles of law relating to injuries caused by animals. These cases are divided generally into two types according to the nature of the animal and the classification depends upon whether the animal is ferae naturae (wild), or mansuetae naturae (domesticated). A horse comes within the classification of domestic animals or animals mansuetae naturae. See Marsh v. Snyder, La.App.Orleans, 1959, 113 So.2d 5.
The general rule with regard to injuries caused by domestic animals is stated in 2 American Jurisprudence, Animals, § 48 as:
"The owner of an animal not naturally vicious is not answerable for an injury done by it when in a place where it had a right to be, unless it was, in fact and to his knowledge, vicious."
The above rule is re-stated in generally the same language in 3 C.J.S. Animals § 145.
The rule was enunciated in Marsalis v. La Salle, La.App.Orleans, 1957, 94 So.2d 120, 123 certiorari denied as:
"In Mercer v. Marston, 3 La.App. 97, we said:
"`* * * it is clear that liability rests on two bases, namely:
"`1. Injury by an animal; and

*794 "`2. Fault or negligence on the part of the owner.'
"We stated in Perez-Sandi v. Berges, 12 La.App. 191, 125 So. 185, 186:
"`* * * previous knowledge of the vicious tendency of an animal was necessary to hold its owner answerable in damages. This is our appreciation of the present state of the law in Louisiana, * * *.'"
An examination of the case of Willis v. Schuster, La.App. 2 Cir., 1946, 28 So. 2d 518, 521, certiorari denied, sheds some light on the question now before us. There, a person was injured while riding a horse which had been rented from a stable. The contention was made that the animal was represented to be gentle when in fact it was wild and frisky. Judge Hardy, as organ of the Court, made a comprehensive analysis of the law as it pertained to the liability for injuries caused by domesticated animals. As pointed out therein, the liability of the operator of a stable of riding horses for damages caused by one of its animals is less in degree than that which is applied in cases of injuries inflicted by vicious dogs or other similar animals. The summary of this holding may be found in the following language contained in the opinion:
"The opinion of Judge Carver in Mercer v. Marston, supra, comprehends a well-considered discussion of liability, and enunciates the general rule, from which our Courts have not departed, that liability rests upon injury by an animal and fault or negligence on the part of the owner."
Therefore, in order to arrive at a proper decision in this case, it becomes necessary for us to consider whether or not the plaintiff has shown that the injuries inflicted on the boy were caused by the negligence of the operator of the stable. In this connection the evidence is uncontradicted that the horse was placed in a separate stall which was securely latched. It is true that the proprietor did not place any type of padlock on this stall, nor did he have anyone remain on guard in order to satisfy himself that no one would unlatch the stall and free the animal. Under these circumstances we are unable to find any negligence on the part of the stablekeeper. If the horse in the instant case had escaped from the stall and inflicted the injuries in question, it might well then be pertinent as to whether or not the stall was sufficiently latched.
Additionally, the record does not convince us that the horse in question was vicious. To the contrary, we are convinced he was only a normal young colt, possessed with the usual spirit of all such horses of his age and sex. We, therefore, find that the plaintiff's contention that the animal in question was vicious is not well founded, and, accordingly, the question of how long it had been on the premises prior to the accident is of no consequence to the decision herein.
After the trial was concluded in the lower court, and on the date the case was set for argument, the defendant filed an amended and supplemental answer, setting forth for the first time an alternative plea of contributory negligence. This was objected to by the plaintiff on the grounds that it changed the issue and, therefore, came too late. The trial court apparently did not rule on this objection, but it is presented to us on appeal, both by brief and oral argument. Having decided that the plaintiff's demands should be rejected because of a failure to show any negligence on the part of the defendants, it is not necessary for us to pass on whether or not the plea of contributory negligence was timely filed in the lower court.
It is the judgment of this court that the plaintiff's demands against the defendants be rejected, and that, accordingly, the judgment of the lower court be affirmed at appellant's cost.
Affirmed.