BOLIN, Judge.
Marshall Jamison and his collision insurer, South Texas Lloyds Automobile Insurance Company, sue Willie J. Williamson, his insurer, Southern Farm Bureau Casualty Insurance Company, Roy J. Cunningham, James R. Cunningham and the latter’s insurer, American Insurance Company, for property damages to Jamison’s 1959 Chevrolet automobile. The damage complained of was caused when the Cunningham vehicle struck a cow owned by Williamson, veered into the left lane of travel and collided head-on with Jamison’s car. Williamson’s asserted liability is for negligently permitting his livestock to roam at large upon a public highway. Roy Cunningham is alleged to have been negligent in the operation of the Buick automobile owned by James Cunningham. From judgment in favor of Jamison and his collision insurer and against defendant Williamson and his liability insurer in solido in the sum of $666.53, but rejecting plaintiff’s demands against Roy and James Cunningham and their liability insurer, Williamson and his insurer have appealed.
Consolidated with the instant case is No. 10,337, Roy J. Cunningham et al. v. Willie J. Williamson et al., this day decided by us and reported in 174 So.2d 288.
In the instant case all the parties admit the occurrence of the accident, but each denies it was caused by his negligence. The Cunninghams further aver the sole, direct and proximate cause of the accident was the negligence of Williamson in failing to properly enclose his livestock, and in allowing same to get out onto the public highway. Defendant Williamson denies he was guilty of any negligence and further avers the accident was caused solely and entirely by the negligence of Roy Cunningham. Defendants, Williamson and his insurer, also affirmatively allege that Williamson had a well-constructed fence in good condition; that the cattle were confined within this fence; that immediately following the accident the gates were inspected and found to be fastened; and that there was no way for the livestock to have escaped from the enclosed pasture except by means of some intervening cause. In the alternative defendants contend if there was any negligence on the part of Williamson, that Roy Cunningham had the last clear chance to avoid the collision and was guilty of contributory negligence in failing to avert it
*287 Highway 171 at the scene of the accident runs generally north and south. The collision occurred at night on this two-lane blacktop road which passes over a hill a short distance south of the point of impact.
Williamson testified he owns pasture land on both sides of the highway at the place where the collision occurred. He has been in the dairy business there for many years. His home is east of the road and there are two gates to the pasture on that side of the highway. One of the gates is north of Williamson’s home and the other is about 300 yards south of it. The east pasture fence goes behind, or east of, the Williamson home so that his yard is open to the highway. There is one gate to the pasture west of the highway located about 50 yards north of Mr. Williamson’s driveway to his home.
The undisputed facts are that Willie Jamison, accompanied by Lizzie Green, immediately prior to the accident was driving his 1959 Chevrolet automobile in a southerly direction on U. S. Highway 171, 'when an unknown person flagged him down with a dim flashlight and informed him there were some cattle on the highway. The unknown person who caused Jamison to stop observed the approach of the Buick automobile, rushed out of the way of the oncoming car and disappeared. The Cunningham Buick came over the elevation just south of where Jamison had stopped, at which time cattle were going back and forth across the highway. The driver of the Buick applied his brakes, skidded approximately 65 feet and struck one of the cows, veered into the west lane of traffic and collided head-on with the Jamison automobile. The cow was knocked from the road, across the east side of the highway right of way and under the fence of Williamson’s pasture. At the time of the accident, Mr. Williamson and his wife, having been informed that his cattle were on the highway, were attempting to drive the cows, some six in number, back into the pasture west of the highway. Mr. Williamson admitted the ownership of the cattle, and particularly the cow that was struck and killed by the Cunningham vehicle. He and his son testified they examined the fences and gates following the accident and found the fences up and gates closed.
If the owner of the cow is liable for the damages caused by the car striking it, such liability must primarily be predicated upon LSA-Civil Code Article 2321, which provides in part:
“The owner of an animal is answerable for the damage he has caused;' * * *»
From a casual reading of the above codal article one might conclude that the law imposes upon the owner of domestic animals the absolute duty to keep them contained within his own premises and that his. failure to do so would impose strict liability for any damages caused by such failure. However, our courts have consistently interpreted this article to hold the owner of an animal answerable for damages caused by it only in instances where the owner is guilty of some fault or negligence in his ownership or possession of the animal. The reason for this rule is that Article 2321 is merely an amplification of Article 2315 which declares that every act of man which causes damage to another obligates him by whose fault it happened to repair it. The controlling word in Article 2315 is “fault.” The applicability of the concept of “fault”' to cases involving Article 2321 was succinctly stated as follows in the recent case of Kennedy v. Frierson (La.App. 2 Cir., 1962) 142 So.2d 838:
“Under our jurisprudence, bulwarked by origins attributed to Roman Law, further supported by French commentators and now firmly imbedded as-an established legal principle in Louisiana, the owner of an animal is responsible for damage which it causes if there is any proof of negligence, however slight, on his part.” See numerous cases cited therein. (Emphasis-added.)
*288 U. S. Highway 171, where the accident occurred, has been designated as a “stock law” highway under the provisions of LSA-Revised Statutes 3 :2803, providing in part as follows:
“No person owning live-stock shall knowingly, willfully or negligently permit his live-stock to go at large upon the following public highways of this state: * * * US 171. Lake Charles to Shreveport * *
The violation of the stock law statute is of no importance in the final analysis of a tort action unless there is a causal connection between its violation and the resulting accident. In the instant case there is a definite and clear-cut causal connection between the violation of the statute and the resulting collision. The statute provides that it shall be unlawful for any person to negligently permit his livestock to go at large upon the highway in question. Therefore, the issue before us is narrowed to whether there has been proof of negligence, however slight, against the owner of the cows in allowing them to escape from his enclosed pasture. On this question, we conclude such proof has been made. Several specific acts of negligence were proved, such as allowing staples from the barbed wire to become loosened in several places, which might have permitted a cow to escape between the wires. It was also shown that some of the creosote posts were leaning to such an extent that a cow could possibly escape and further, any one of the gates to the enclosure, which were fastened but not locked, could have been opened by third persons and the cattle allowed to escape. While it may' be that any one of these circumstances alone would be insufficient to constitute slight negligence, viewing them cumulatively we are convinced sufficient negligence has been proved against the owner of the cattle to render him liable for the resulting damages under the rules heretofore pronounced.
Left for consideration is the determination of the validity of the pleas of last clear chance and contributory negligence leveled against Cunningham, based on allegations of excessive speed, failure to maintain control of his vehicle and failure to maintain a proper lookout.
We think the trial judge properly disposed of these issues in the reasons assigned for his ruling. He concluded from the evidence that Cunningham was not exceeding the speed limit of 60 miles per hour and that he was in his proper lane of travel. He further observed that Highway 171 is a major artery of travel which Cunningham had a right to assume was free of cattle. Although the trial judge stated he was not unmindful of the general principle that a motorist is charged with seeing that which he should have seen, it was his opinion, under the circumstances, the failure of Cunningham to observe the cattle roaming across the road at nighttime in time to stop before striking the cow was not negligence.
As there is no dispute over the amounts of the awards it follows the judgment appealed from is affirmed at appellants’ cost.
Affirmed.