176 So.2d 786 (1965)
Miles W. LINER et al., Plaintiffs-Appellants,
v.
Mason H. McENERY et al., Defendants-Appellees.
No. 10401.
Court of Appeal of Louisiana, Second Circuit.
June 16, 1965.
*787 Preaus & Yeldell, Bastrop, for plaintiffs-appellants.
Cotton & Bolton, Rayville, for defendants-appellees.
Before HARDY, AYRES and BOLIN, JJ.
AYRES, Judge.
This is an action in tort wherein plaintiffs seek to recover damages sustained to an automobile on the night of November 29, 1963, in a collision with a horse owned by defendant McEnery, allegedly roaming at large on a rural highway in Morehouse *788 Parish in violation of the provisions of a parish ordinance.
Plaintiffs are Miles W. Liner, owner of the car, and Grady Harrison, who was its driver at the time of the accident. Defendant, in addition to McEnery, is McEnery's public liability insurer.
To Harrison's demands, an exception of want of interest was urged and, to Liner's demands, defendants averred that the horse, carefully attended and supervised, was regularly kept and maintained on premises adequately fenced, and that the animal's escape was without McEnery's knowledge or negligence. Predicated upon Harrison's alleged failure to maintain a proper lookout, defendants, in the alternative, contended plaintiffs were precluded from recovery by Harrison's contributory negligence.
The exception directed to plaintiff Harrison's lack of interest was sustained, and, on trial of the case on its merits, Liner's demands were rejected on the basis that no fault or negligence was established as to defendant McEnery. Separate judgments were accordingly rendered and signed, from which plaintiffs appealed.
We find no error in the action of the court in sustaining the exception and dismissing Harrison's action. Harrison does not claim to have sustained injury or damage, or that, by virtue of any negligence on McEnery's part, he has been or will be required to repair the damage sustained by the Liner vehicle which he had borrowed and was driving at the time of the accident on an errand purely personal to himself; nor does he assert any interest in Liner's claim by virtue of a subrogation or otherwise. The general rule is that an action may be brought only by one having a real and actual interest which he asserts. LSA-C.C.P. Art. 681. Harrison made no such claim.
As to the merits, the facts may be first briefly reviewed. The asphalt-surfaced road was straight for a considerable distance in either direction from the scene of the accident. Harrison, according to his testimonyand he was the only witness to the accidentwas driving at a lawful rate of speed when the horse ran into the road, in front of his car, at a distance of about three car lengths. Because of the sudden appearance of the animal in the roadway, Harrison was unable to avoid a collision which resulted in the death of the animal and damage to the automobile.
Acts of alleged contributory negligence charged to Harrison, even if it could be said that such negligence on his part was established, would have no bearing upon Liner's right to a recovery. Harrison was neither a servant, agent, nor employee of Liner; nor was he engaged in a mission or errand for or in which Liner was interested. As heretofore pointed out, Harrison was pursuing a mission of his own in which he alone was interested, in a car which he had borrowed from its owner. There is, therefore, no basis for the application of the principle of respondeat superior, so that Harrison's negligence, if any, might be imputed to Liner.
If, however, it could be said that Harrison's acts constituted negligence and contributed to the occurrence of the accident, and if McEnery was also at fault, this would afford defendants no relief, for, in such event, both Harrison and McEnery would be joint tort-feasors, solidarily liable to plaintiff Liner for the damage inflicted on his car. Plaintiff could, therefore, have proceeded separately against either or collectively against both.
Important, therefore, is a question of fault or negligence, vel non, on the part of defendant McEnery. He was the owner of the animal involved in the accident which, at the time, was roaming at large in violation of the provisions of a parish ordinance.
*789 In actions of this character the provisions of LSA-C.C. Art. 2321 are applicable. There it is stated:
"The owner of an animal is answerable for the damage he has caused; * * *."
Based upon this statutory rule, the principle is well established in the jurisprudence of this State that the owner of an animal is responsible for damage which it causes if there is any proof of negligence, however slight, on the owner's part. Moreover, where an animal has been a cause of damage, the burden rests upon the owner to exculpate himself of even the slightest degree of negligence. Kennedy v. Frierson, 142 So.2d 838, La.App., 2d Cir. 1962; Jamison v. Williamson, 174 So.2d 285, La.App., 2d Cir. 1965.
As was particularly observed in the Kennedy case, the burden imposed upon the owner of an animal causing damage is not an insubstantial burden but requires him to establish, by proof of facts in a given case, his complete freedom from any negligence of even the slightest degree to which might be attributed the action of the animal by which damage is caused to another.
In the instant case, in an effort to sustain the burden of proof upon McEnery, as above noted, the defendants offered, in addition to the testimony of McEnery, that of several of his friends and neighbors. From this testimony, it is shown that McEnery operates a farm of approximately 600 acres, one-half of which is in pasture, where he maintained, in addition to the horse herein involved, three other horses and a herd of cattle estimated at 65 head. The pasture, on three sides, with the exception of that portion adjacent to McEnery's residence, was enclosed by a barbed-wire fence 5½ feet in height, supported on creosoted posts. The rear of the pasture extended to Bayou Lafourche, a 100-yard-wide stream, into which defendant's fences projected, which stream constituted a barrier to the ingress or egress of livestock. Separating the residence from the pasture was a cypress board fence composed of 1-by-8-inch boards nailed horizontally to cedar posts. This fence, in places, was composed of four boards and, at others, only two boards. In either instance, the fence, however, had a total height of only 40 inches, or 26 inches less than the height of the barbed-wire fence.
The consensus of those testifying was that the fences were of substantial construction and properly maintained. The barbed-wire fence was of a character in common use in the community; such was not shown with reference to the board fence. Nor do we find any testimony that this fence was of sufficient height to adequately or safely confine the animals enclosed. According to McEnery's testimony, some of his cattle had escaped from the pasture and, because of this, he had disposed of the offending animals. In fact, on two prior occasions, the horse involved in this action had escapedfirst, through an open gate and, second, by means which were unknown and unexplained. Thus, as to the second occasion of the animal's escape, it may be reasonable to conclude that it was effected through the animal's jumping the fence.
On investigation of the incident presently concerned, defendant McEnery expressed a belief that the only possible way the horse could have escaped was by jumping the board fence. The fact that a top board had been knocked off and was lying on the ground supports this conclusion, with which we find ourselves in agreement. Thus, it would appear most probable that, when the horse vaulted the fence, and as he descended to earth beyond the enclosure, he prematurely lowered the rear portion of his "landing gear," in the form of his hind feet, and struck the topmost board of the 40-inch fence, tearing it from its fastenings.
*790 However well and substantially the fences were constructed and maintained, these factors may not alone be determinative of the adequacy of the enclosures. Such a determination may only be made after giving consideration to all the pertinent facts and circumstances. One of such other factors is the nature of the animal involved, which, in this case, was an Appaloosa stallion approaching three years of age. While it is true he was reared as a pet, at the time of his last escape he was passing from a stage of adolescence into that of maturity; he had begun to lay aside childish things and to envision a fuller and more complete life beyond his then enclosure, in "greener" pastures and with more congenial friends. Obviously, he had become disenchanted with his platonic friendship with three nags and a herd of cattle.
The horse's prior escapes evidenced his increasing restlessness, his propensity to roam, and his proclivity to search out new acquaintances. On the occasion of his fatal escape, he was only pursuing a course of action consistent with the nature of his character as a horse when, a mile-and-a-half from home, he, unmindful of an obvious danger, sprinted across the highway in front of an approaching automobile, precipitating a collision, inflicting property damage, and causing the loss of his own life. This reckless impulse of an animal, accentuated by an instinctive purpose in life, is not only understandable but is reasonably to be anticipated. Familiar with the animal's nature, its former actions, and its disposition to roam at large, a characteristic common to all horses similarly endowed, the owner knew, or should have known, that he could not be safely or adequately secured by a 40-inch board fence.
The conclusion is therefore inescapable that defendants not only failed to establish defendant McEnery's freedom from fault or negligence in the escape of his horse but that the evidence sustains the charge of his failure to maintain an adequate fence to prevent its escape.
No question is presented as to the extent of the damage sustained to plaintiff's car.
For the reasons assigned, the judgment sustaining the exception of want of interest in plaintiff Grady Harrison is affirmed at his cost, and the judgment rejecting plaintiff Liner's demands is annulled, avoided, reversed, and set aside; and
It is now Ordered, Adjudged, and Decreed there be judgment in favor of plaintiff Miles W. Liner against the defendants Mason H. McEnery and Southern Farm Bureau Casualty Insurance Company, in solido, for the full sum of $359.11, with five percent per annum interest thereon from judicial demand until paid, and for all costs, including the cost of this appeal.
Affirmed in part and, in part, reversed and rendered.