FRUGÉ, Judge.
This case involves personal injury which resulted when plaintiff fell from a horse upon which he was riding. Action was instituted by Vernice Derouen, individually, and on behalf of his minor son, Craig Derouen, for medical expenses sustained by Vernice Derouen and for personal injuries to Craig Derouen, resulting from the accident.
The evidence presented during the trial showed that Craig Derouen, plaintiff’s minor son (hereinafter referred to as plaintiff), Darrell Stokes, one of the defendants, and Glen Franklin were good friends attending the tenth grade at Sulphur High School. During the lunch hour, the boys got together and discussed the possibility of going horseback riding at the Stokes’ home after school. Plaintiff and Glen *145 Franklin drove together in a car to the Stokes’ home. Meeting Darrell, they proceeded to go to the rear of the Stokes’ home where they obtained two horses (“Lucky” and “Buckshot”) for the purpose of riding them. Saddles were not placed upon the horses, although they were available.
The path of their riding was in an east-west direction immediately to the rear of the Stokes’ home. Plaintiff had ridden one time that day before the ride on which he was injured. Darrell, the defendant, was riding the horse named “Buckshot”, and Craig, the plaintiff, was upon “Lucky”. They walked their horses from the east side of the riding area down to the west end among large pine trees located upon the property. As they turned their horses to proceed in an easterly direction, defendant caused his horse to run a fast trot. This action caused “Lucky”, the horse upon which plaintiff was riding, to follow “Buckshot” at a run or fast trot, causing plaintiff to almost fall off the horse. When they stopped at the east side of the property, plaintiff said, “I wasn’t ready for that one”. Defendant immediately replied, “Well, be ready for this one”. At this point, there was some conflict in the testimony as to exactly what was said. Defendant and his younger brother, who was also present, testified that plaintiff answered, “I am ready”. Plaintiff and his witness testified that plaintiff was not given a chance to answer and said nothing. In any case, after the conversation, the defendant immediately prompted his horse to run. This resulted in plaintiff’s horse’s running to follow him. Plaintiff began losing his balance and fell to the right, striking a tree, resulting in the personal injury to him. His father, Vernice Derouen, brought this suit against Bennie J. Stokes, as owner of the horse and as father of Darrell Stokes. Also made defendants herein, was the Hartford Accident and Indemnity Company, insurer of Bennie J. Stokes under a homeowner policy which included liability provisions of $25,000.00
The trial in the district court was before a jury, with the judge submitting to the jury written interrogatories. The jury answers found the defendant free of negligence and the plaintiff contributorily negligent and having assumed the risk. These answers caused the judge to rule in favor of the defendants, dismissing plaintiff’s suit with prejudice at their costs. A de-volutive appeal was taken to this court after motion for new trial was denied on March 12, 1968.
Plaintiff assigned six specific errors committed either by the jury or the trial judge during the course of the trial.
For matters of convenience, we shall consider the sixth assignment of error first. Plaintiff complains that the trial judge erred in submitting the case to the jury on written interrogatories and further that the trial judge erred in failing to grant plaintiff an opportunity to object to the interrogatories submitted to the jury.
Article 1811 of the Code of Civil Procedure, 1960, provides that the court may require a jury to return a verdict based upon the findings of the jury on each issue of fact. Since this is what has been done, we see no error in the action taken by the lower court.
The second contention advanced by the plaintiff-appellant in assignment of Error No. 6, is that the trial judge erred in failing to grant the plaintiffs an opportunity to object to the interrogatories submitted to the jury.
This court fails to see such error in that on page 333 of the trial record it is shown that in open court, prior to the retiring of the jury, the judge asked both counsel if they had any objection to the charges as given or to the failure to give any charge. Both counsel for plaintiff and counsel for defendant answered that they had no objection. This particular set of facts falls squarely within the scope of Article 1793 *146 of the Code of Civil Procedure, 1960. This article provides in part:
“A party may not assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.”
The jurisprudence has interpreted this article to mean what it says and unless the instruction or failure to give instruction is specifically objected to, the party waives his right to complain of such on appeal. See Gryder v. Travelers Insurance Co., 193 So.2d 532 (La.App. 1st Cir., 1966), also Mulkey v. Aetna Casualty & Surety Co., 210 So.2d 897 (La.App. 1st Cir., 1968). Since the instructions to answer the interrogatories presented to the jury were made part of the jury charge, it would have been proper for the plaintiff to object at the time he was given the opportunity to do so, and therefore his failure to do so now precludes his assigning this as an error.
The first five assignments of error concern the jury’s conclusions or the weight given by the jury to certain testimony.
Applicable here is the well-established rule that findings of fact by the trial court or jury particularly those involving the credibility of witnesses are entitled to great weight on appeal, and that determinations made by the trial judge or jury as to the facts will not be disturbed unless found to be clearly erroneous. Evers v. State Farm Mutual Automobile Insurance Co., 187 So.2d 217, 222 (La.App. 3d Cir., 1966) and Huntsberry v. Millers Mutual Fire Insurance Co., 205 So.2d 617 (La.App. 3d Cir., 1967).
As to the question of negligence on the part of the defendants, it should be noted well that plaintiff’s case was not based on the viciousness or dangerous propensity of the animal, but involves the question of negligence on the part of Darrell Stokes and/or his father. Therefore, the mass of jurisprudence concerning what is necessary to hold an individual liable for the harm done by an animal that is vicious or dangerous is not applicable here. The principles that are applicable were correctly stated in the jury charge by the lower court:
“I further charge you that the owner of a domestic animal, such as a horse, is liable for injuries and damage inflicted by it only when he has been negligent, or when the animal is wrongfully in the place where it inflicts the damage, or when the damage is the result of vicious or dangerous tendencies or propensities of the animal that are known by the owner. However, the owner of the animal is liable for damage caused by it upon even a slight showing of negligence on the part of the owner, provided it is a proximate cause of such damage.”
This instruction was in line with the jurisprudence as evidenced by cases like Jamison v. Williamson, 174 So.2d 285 (La. App.2d Cir., 1965) and Durham v. Barnes, 124 So.2d 792 (La.App.2d Cir., 1960). The plaintiff’s case was based on allegations that Darrell Stokes knew that the plaintiff was not a good rider and that he had had trouble on the first run. To frighten or tease the plaintiff, Darrell made his horse run knowing that plaintiff’s horse would follow, and that plaintiff would have some trouble staying on.
The conflict of witnesses as to what if anything was said by plaintiff immediately before his ride, if resolved in favor of plaintiff might have constituted evidence of negligence on the part of defendant as per the allegations of plaintiff. The jury evidently accepted the defendant’s version of what was said, and based on this, found that since plaintiff had signified that he was “ready”, the defendant did not act negligently in doing exactly what plaintiff expected him to do. This court is not at liberty to find that plaintiff did not express his readiness, and therefore, we are not at liberty to overturn the jury unless *147 it can be shown that it was manifestly erroneous. As to this finding we see no error.
Having found the lack of negligence on the part of defendant, it is really unnecessary to delve into the correctness of the jury findings as to contributory negligence and assumption of risk. Had the jury found otherwise, however, we feel that plaintiff’s cause would still not stand.
Finding no error in these factual conclusions of the jury, and in the judgment of the lower court, this court rules that the decision of the lower court is correct and proper and therefore its decision is affirmed, costs to be paid by plaintiff — appellant.
Affirmed.