TAYLOR, Judge.
This is a suit for personal injuries which was tried before a jury in the lower court. The jury returned a verdict in favor of plaintiff and awarded $6,000.00 for his injuries which consisted of a comminuted fracture of the right cavicle and various minor cuts and bruises. Defendant has appealed to this court and in so doing addresses itself solely to the question of liability. It has been stipulated that the Department of Institutions of the State of Louisiana and its employee, Captain Butler, are insureds under a policy of liability insurance written by defendant which covers the accident sued upon.
The accident in question occurred on May 6, 1968, while plaintiff was an inmate of the Louisiana State Penitentiary at Angola, Louisiana. Plaintiff was serving as a trustee guard whose duties included training dogs and going on chases to capture prisoners who were attempting to escape. More particularly, the facts giving rise to plaintiff’s accident appear to be substantially as follows:
Plaintiff and several other trustee guards received notice that a prisoner was attempting an escape. In accordance with general procedure they loaded the equipment and the animals they would need in their tracking operations on a truck, the dogs being placed in a doghouse on the back of this truck for transportation. After everything had been loaded, the trustee guards boarded and the truck proceeded.
Since there was not ample room for everyone to ride in the cab of the truck, three (3) of the guards, including plaintiff, rode on the back of the truck with the dogs and equipment. Only the driver of the truck and one trustee guard rode in the cab, although there was space inside for one more person. Plaintiff was the last to board, as he had to lock the tailgate of the truck, and therefore was forced to ride in the least desirable position on the back of the truck. The two other guards who rode with plaintiff situated themselves in the space between the front of the doghouse and the back of the cab of the truck where they could hold on with little trouble. However because much of the equipment needed on the chase was in that space likewise, there was insufficient room for plaintiff to ride there. The only place on the back of the truck where he could ride was where he finally stationed himself — on the roof of the doghouse. Of necessity, his left foot was doubled under him and his right foot was resting on the edge of the truck bed. Plaintiff faced in the direction of the cab of the truck and stated that he held on to the sides of the doghouse with both hands.
After the truck left the place where it was loaded, it negotiated a left-hand turn and then an unexpected right-hand turn. Testimony given by the driver, Captain Butler, was to the effect that he did not inform the men where they were going prior to the time they left. Furthermore, it was apparently as a result of a radiophone message which he received from Major Bright, his superior, that Captain Butler made the aforementioned right turn as the turn was made immediately after the message was received. The overwhelming weight of testimony is that the truck was travelling at a speed of at least 20 miles per hour while negotiating this turn and that the driver of the truck accelerated the vehicle once he started into the curve. While Captain Butler was negotiating this *348 curve, which constituted somewhat less than a 90° turn from the road he had been proceeding on, plaintiff fell off the back of the truck thereby sustaining the injuries of which he complained.
Plaintiff alleges that the negligence of the Department of Institutions of the State of Louisiana is the proximate cause of the accident and that such negligence consisted in, among other things, its agent Captain Butler’s failing to warn the men he was going to make a turn and his driving at an excessive speed while making such a turn. Defendant denies any negligence on the part of its insured and alleges negligence and/or assumption of the risk on the part of plaintiff in seating himself in a position he should have realized was precarious rather than riding in the cab of the truck and in failing to hold on to the doghouse on which he was riding.
Plaintiff’s successful prosecution of his law suit as well as the amount of his award is largely a matter of fact in the instant case. Since it was within the province of the jury to make findings of fact in this case, we will not substitute our judgment for that of the factfinder unless we find manifest error. Derouen v. Hartford Accident and Indemnity Company, La.App., 215 So.2d 144 (1968); Evers v. State Farm Mutual Automobile Insurance Company, La.App., 187 So.2d 217 (1966). We find no such error in this instance.
The jury apparently found that Captain Butler was negligent in his operation of the truck. It would appear to us that Captain Butler was travelling at a high rate of speed in attempting to make a right angle turn when he knew he had men riding in precarious positions on the back of his truck. Captain Butler testified that had he seen plaintiff sitting where he was, he would have ordered him to ride in the cab. Whether he actually saw plaintiff back there or not, we feel he had a duty to ascertain where not only plaintiff but the other guards were seated and to order them to a place of safety if they were in potential danger. Not having seen plaintiff when he had a duty to see him, we feel Captain Butler was negligent.
We do not find plaintiff guilty of contributory negligence or that he assumed a risk which contributed to his injury. Although there was some evidence to the contrary, the jury apparently believed that plaintiff was holding on to the doghouse and that it was the acceleration of the truck which threw him off the back. One of the guards testified that when the truck stopped so that plaintiff might be aided, plaintiff was holding a piece of wood in his hand. Plaintiff himself testified that one of the boards on the side of the doghouse to which he was holding came loose and that its pulling up caused him to lose his balance. The facts that a board pulled loose and that plaintiff had a piece of wood in his hand are persuasive of the fact that he was holding on prior to his fall.
We are further of the opinion that plaintiff did not assume the risk of his injury. As was stated by Prosser in his treatise on the law of tort:
“The defense of assumption of risk is in fact quite narrowly confined and restricted by two requirements: first, that the plaintiff must know and understand the risk he is incurring, and second, that his choice to incur it must be entirely free and voluntary.”
Prosser, Law of Torts (3rd ed. 1964) at P. 461
We find that plaintiff did not freely and voluntarily incur the risk. Plaintiff was not in a position to insist that he ride in the cab of the truck. Captain Butler had disciplinary power over him and if plaintiff did anything to disturb the normal routine of things he could expect to incur Captain Butler’s displeasure. This testimony was to the effect that three people did not ride in the cab of the truck unless it was raining or extremely cold, and such was not the case this day. Accordingly, plaintiff had no basis on which to vary the *349 normal procedure without subjecting himself to possible recriminations. Considering also the necessity for haste in the operation plaintiff was engaged in, we feel plaintiff acted reasonably in not entering into a discussion with anyone regarding where he would ride. The duty was Captain Butler’s to see that all of the men were riding in safe positions.
For the foregoing reasons the judgment of the trial court is affirmed.