TAYLOR, Judge.
This is a suit for personal injuries sustained by plaintiffs’ minor son, Robert Gabriel, and for medical expenses incurred by plaintiffs individually on their son’s behalf.
Named as defendants are Pratt Farns-worth, Inc., its liability insurer, Liberty Mutual Insurance Company, and the City of New Orleans. After trial on the merits, judgmént was rendered in favor of defendants, Pratt Farnsworth, Inc, and Liberty Mutual Insurance Company, dismissing plaintiffs’ suit at their costs. From this adverse judgment plaintiffs prosecute this appeal. Subsequent to the lodging of the present appeal, plaintiffs’ suit against the City of New Orleans was likewise dismissed by the trial court but plaintiffs have not appealed the judgment and it is now final.
On or about February 2, 1969, Robert Gabriel, then twelve years of age, sustained bodily injury when he fall into an open manhole at the corner of Erato and Dorgenois Streets in the City of New Orleans. Defendant, Pratt Farnsworth, Inc., was performing certain work in the area, being under contract with the City of New Orleans, which work necessitated that the manhole cover be removed. The accident occurred at approximately 8:30 A.M. while young Robert was on his way to school. The boy contends that he did not see the open manhole before he stepped into it. It is his testimony that he turned his head because someone had called his name. He continued walking with his head turned and consequently walked into the open manhole. The boy denies that *135 there were any barricades around the hole to indicate danger.
Witnesses introduced by defendants however contradict young Robert’s testimony. All of defendant’s witnesses who were working at the scene of the accident, testified that there were barricades around the construction area and that in addition there were three large warning lights around the open manhole. In addition the workmen had been ushering school children like Robert around the construction work to avoid their injury. However young Robert seemed particularly attracted by the construction, as evidenced by the testimony of Mr. Arthur Brooks. Mr. Arthur Brooks specifically testified that he had personally chased young Robert away from the construction area earlier that day and that the boy came back a second time which was when the accident occurred.
The trial judge had the opportunity of hearing all the testimony and thereafter reached a conclusion regarding the facts surrounding Robert Gabriel’s injury. In his reasons for judgment the trial judge stated that he was “convinced that Robert Gabriel negligently went through a barricade and fell into an open manhole.” It is a well settled principle of law that the findings of fact as determined by the trial court, particularly when the credibility of witnesses is involved, should be given great weight and only be disturbed when they are manifestly erroneous. Readco Industries, Inc. v. Myrmax Specialties, Inc., La.App., 236 So.2d 573 (1970); Gay v. Travelers Ins. Co., La.App., 234 So.2d 241 (1970); L. C. Ricks v. Associated Indemnity Corporation, La.App., 242 So.2d 346 (1970). After a careful review of the record, we find no manifest error on the part of the trial court.
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this proceeding to be borne by plaintiffs-appellants.
Affirmed.