CUTRER, Judge, ad hoc.
Plaintiff-appellant, Robert Sensley, instituted this suit seeking maximum workmen’s compensation benefits for a right inguinal hernia which was allegedly the result of an accident which he incurred in the course and scope of his employment with Builders’ Center, Inc. The trial judge, in a written opinion, concluded that plaintiff had failed to establish that the hernia was the result of an accident he sustained in his employment and accordingly rendered judgment in favor of the defendants Aetna Casualty and Surety Company and Builders’ Center, Inc. Plaintiff appealed.
The sole issue presented by this appeal is one of fact: Did plaintiff sustain an “accident” in the course and scope of his employment ?
The plaintiff is a 42 year old carpenter who has had two years of college and two years of trade school training. He had been employed by Builders’ Center, Inc. for approximately one year. The plaintiff was employed as a “nailup man”. His duties were to assemble door frames and install the doors therein.
According to plaintiff’s testimony, on May 1, 1970, approximately 30 minutes before the end of the work day he experienced mild pain in the area of his groin. It is his testimony that the pain was not so severe as to cause him any difficulty in completing the work day, but became so increasingly painful that night that he decided to consult a physician. The following day the plaintiff consulted his family doctor, Dr. Alvin Williams, who discovered a right inguinal hernia and recommended corrective surgery at Veterans Hospital in Alexandria. It is admitted that plaintiff had previously incurred a right inguinal hernia which had been corrected by surgery.
Plaintiff testified that after the examination Dr. Williams gave him a slip of paper which he took to Mr. Lamar H. Coxe, President of Builders’ Center, Inc., to let Mr. Coxe know that he was going to Veterans Hospital for medical treatment. Exactly what was written on the slip is not shown by the record. Plaintiff does not contend that the slip notified Mr. Coxe of the accident that had occurred on the job, but explained that he presented the slip to Mr. Coxe so that he might pick up his paycheck and verify to Mr. Coxe that he was going to be absent from work in order that he might seek medical treatment at the Veterans Hospital.
Mr. Coxe testified that plaintiff never told him that he suffered a hernia as a result of an accident occurring during his employment nor was such information contained on the slip of paper the plaintiff presented him from Dr. Williams.
Plaintiff alleges that he told “someone” at the shop of the “little pain” he experienced immediately after the accident, but he does not remember who and no fellow employees were called by him to collaborate his allegations that he complained of pain at the time of the accident.
The medical evidence consisted of a brief report by Dr. Williams, a report by Veterans Hospital and the testimony of Dr. Louis F. Knoepp, a surgeon with the Veterans Hospital in Alexandria.
Dr. Williams’ report, dated November 21, 1970, addressed to attorney for plaintiff was brief and we quote it in full:
“The above patient was seen by me on May 1, 1970 complaining of pain and discomfort in the right inguinal region for several days duration. [Emphasis added.]
“Physical examination revealed a right inguinal hernia. He was referred to Veterans’ Hospital for consideration of correction via surgery.
“At the time of his examination no attempt was made to connect the occur *475 rence of the hernia with his work although this is a distinct possibility.”
It must be noted that plaintiff testified that he consulted Dr. Williams the day after the alleged accident. Dr. Williams’ report states that the pain and discomfort in the right inguinal region was of “several days duration.”
Dr. Louis F. Knoepp, chief surgeon of the Veterans Hospital in Alexandria, Louisiana, testified that plaintiff was admitted to the hospital on June 26, 1970. The history, taken by another physician, stated that plaintiff had related that “two months ago after lifting a heavy piece of equipment he felt a pulling type of pain in his right groin.” Dr. Knoepp, of Veterans Hospital, testified that on July 7, 1970, a Dr. Lolley repaired a right recurrent hernia for plaintiff. An “early” hernia on the left side was also repaired August 18, 1970. Dr. Knoepp explained that an “early” hernia is one which is not fully developed.
As previously pointed out the sole issue presented by this appeal is whether the trial judge erred in holding that plaintiff had failed to prove the occurrence of the accident on the job. We hold that he did not.
The law with regard to hernia in workmen’s compensation cases is set out in LSA-R.S. 23:1221 (q) (1), which provides as follows:
“In all claims for inguinal hernia, it must be established by a preponderance of the evidence that the hernia resulted from injury by accident arising out of and in the course and scope of employment, that the accident was reported promptly to the employer, and that the employee was attended by a licensed physician within thirty (30) days thereafter.”
Our jurisprudence has developed the long standing rule that in a workmen’s compensation suit, as in any other civil action, plaintiff bears the burden of proof and must establish his claim, by a preponderance of the evidence, to a legal certainty. Mere speculation, conjecture, possibility, and even unsupported probability are insufficient to support a judgment. Guillory v. New Amsterdam Casualty Company, 244 La. 225, 152 So.2d 1 (1963).
It is also settled that the testimony of the employee alone may be sufficient to establish that an accident occurred provided that his testimony is supported by surrounding facts and circumstances and if there is nothing to discredit his account of the accident. Cavender v. Flenniken Construction Company, 247 So.2d 652 (La.App. 2d Cir.1971).
The only testimony supporting plaintiff’s claim that an accident occurred while on the job is that of the plaintiff himself. There were no witnesses to the alleged accident. Mr. Coxe testified that the first notice that he had of plaintiff’s claim of injury as a result of an accident occurring during his employment with Builders’ Center, Inc. was when he received notice of such from plaintiff’s counsel.
Plaintiff did not contend, nor does Dr. Williams’ report of May 1, 1970 reflect, that plaintiff give this physician any history of having received any injury on the job. The history reflected in the records of the Veterans Hospital dated June 26, 1970, does reflect, however, that plaintiff told the physician of a pulling type pain in his right groin area after having lifted a piece of heavy equipment two months before.
Our jurisprudence recognizes that an appellate court should not reverse a trial judge’s findings and conclusions unless it is apparent that he has committed manifest error. This rule applies to workmen’s compensation cases. Rebadudo v. Security Insurance Company, 259 So.2d *476 467 (La.App. 4th Cir.1972); Gabriel v. Pratt Farnsworth, Inc., 250 So.2d 134 (La.App. 4th Cir.1971). Our review of the record does not disclose that the trial judge committed such an error, and, for the reasons assigned, the judgment appealed is affirmed at plaintiff-appellant’s costs.
Affirmed.