286 So.2d 477 (1973)
George K. REECH
v.
William J. BODIN, Jr., Indiv., etc. and Maryland Casualty Co.
No. 9506.
Court of Appeal of Louisiana, First Circuit.
November 12, 1973.
Rehearing Denied January 4, 1974.
Writ Refused February 1, 1974.
David W. Robinson and Charles W. Wilson, Jr., Baton Rouge, for appellant.
John S. White, Jr., Baton Rouge, for appellees.
Before SARTAIN, TUCKER and WATSON, JJ.
WATSON, Judge ad hoc.
This is an action for damages resulting from a jogger tripping over a dog on the Broadmoor High School track in Baton Rouge. The plaintiff-appellant is George K. Reech, the district manager of a boiler manufacturer, who on January 31, 1971 at just before noon, was jogging for exercise when he fell, doing substantial damage to his chin. The defendants are William J. Bodin, Jr., in his individual capacity and as administrator of the estate of his minor son, William J. Bodin, III, and Maryland Casualty Company, the liability insurer of the elder Bodin.
*478 On the date of the accident, Reech, who was in his mid-forties, went to the Broadmoor High School track to jog. When he arrived there he found the area unoccupied except for young Bodin who was flying his kite and had with him a young Beagle dog. The record indicates that two younger children had accompanied Bodin to the High School but it does not indicate the presence of any other persons in the vicinity of the accident. As Reech jogged near the boy and the dog, the dog ran toward Reech and licked him on the leg. Reech asked young Bodin to call his dog and he did. As Reech made his next circuit of the track, he again observed the dog; it ran across the track behind him and out into the football field located in the middle of the track. Shortly thereafter, the dog ran toward Reech (apparently without Reech observing him) and ran between Reech's legs. Reech fell to the ground and landed on his chin, splitting it and embedding some track cinders in the wound.
Reech filed suit against the named defendants, alleging negligence on the part of the elder Bodin and the younger Bodin, and especially urging a violation of Title XVI, Section 219 of the Baton Rouge City Code, which is an ordinance of the type commonly referred to as a "leash law."
Defendants answered and presented their contentions that the accident was solely caused by the negligence of Reech, or in the alternative, that he was contributorily negligent, that he assumed the risk, and was therefore barred from recovery. The defendants moved for trial by jury.
The matter was tried by a jury and a verdict was rendered in favor of defendants, from which plaintiff now appeals.
Resourceful counsel for plaintiff-appellant has assigned a number of grounds of error in the proceedings in the trial court.
First, it is argued that the trial judge erred in declining to give two instructions to the jury as requested by plaintiff which would have (a) placed strict liability on the owner of the dog or (b) placed liability on the owner or keeper on even a slight showing of negligence.[1]
The plaintiff thus attempts to raise the issue which runs through the dog bite cases in Louisiana of whether the owner of a dog is responsible in damages regardless of his knowledge of a vicious disposition on the dog's part [see concurring opinion of Tate, J., in denial of writs, Rolen v. Maryland Casualty Company, 256 La. 1149, 241 So.2d 252 (1970) and the authorities cited therein]; or whether knowledge by the owner of the dog's vicious propensities is a prerequisite to liability [see Rolen v. Maryland Casualty Company, 240 So.2d 42 (La.App. 2 Cir. 1970), and Losch v. Travelers Insurance Company, 264 So.2d 240 (La.App. 4 Cir. 1972), writ refused 262 La. 1176, 266 So.2d 450 (1972)].
In our view of the present case, which is not a dog bite case but is a "dog tripping" case, we do not find it necessary to deal with the prior knowledge question. We might note additionally that we have not been cited to any Louisiana case where recovery was made in a "dog tripping" situation, nor does our research reveal any.
*479 Next, counsel for appellant argues that the jury, which was instructed on negligence flowing from violation of a statutory duty and on general negligence, erred in not concluding that defendants were liable under these standards. The argument on the general negligence theory is that the dog had demonstrated to young Bodin a tendency to chase people, immediately before the accident, and that young Bodin was negligent in assuming the dog would not chase the plaintiff again. The argument relating to the statutory duty is that the elder Bodin and the younger Bodin were in violation of the Baton Rouge leash law in permitting the dog to run loose on the Broadmoor High School campus.
We have no means of determining the ground or grounds on which the jury returned its verdict. There was no finding made on particular issues; the only decision of the jury reflected in the record being "verdict for defendants." (TR. 28).
After carefully examining the record and reading the testimony, we are of the opinion that the evidence reflects negligence on the part of the plaintiff which at least contributed to the occurrence of the accident, thus making it unnecessary to consider the several issues or errors suggested by counsel for appellant.
By his own testimony there is no doubt that Reech was aware of the presence of the dog when he arrived at the track; even more aware when he passed the boy flying the kite and the dog the first time and the dog ran at his legs. The second time Reech approached the boy and dog, he described the dog as "... looking around the field and looking at me, and he looked nervous; he looked like he wanted to run or play or something." (TR. 138). Appellant's argument that the 13 year old Bodin was negligent in failing to take appropriate action after seeing the dog run at Reech the first time would apply even more strongly, it seems to us, to the 44 year old Reech.
An adult jogger certainly has the obligation to look after himself and to avoid tripping over one small dog in the broad expanse of a high school athletic field.
In our opinion, the jury could have concluded that the negligence of Reech was solely responsible for the fall.
We believe, also, that the jury could have drawn a reasonable inference that Reech was contributorily negligent and therefore barred from recovery no matter what standard of negligence applied to the Bodins. Finding negligence on the part of Reech makes it unnecessary to consider the question of whether the instructions as to strict liability or slight negligence were properly refused; likewise, it is not necessary to consider the question of general negligence of violation of the leash law. In reaching our conclusion, we are mindful of the principle of appellant review of facts as most recently described in Canter v. Koehring Company, La., 283 So.2d 716 (1973):
"When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts." 283 So.2d 716 at 724.
*480 Our conclusion, then, is that there was a reasonable factual basis for the jury's verdict for the defendants. There is no manifest error and the jury's decision will not be disturbed even though there may be other equally reasonable inferences to be drawn from the evidence.
The jury's verdict will be affirmed and costs are assessed against plaintiff-appellant.
Affirmed.
NOTES
[1] The instructions requested by plaintiff, and the supporting citations were as follows: (TR. 43).

3.
"As to animals, Article 2321 of the Civil Code provides that the owner of an animal is answerable, that is, responsible, for the damage caused by the animal. The effect of this code article is to place on the owner of an animal which has caused damage the burden of proving that the damage resulted from an unforeseen event or was caused by the imprudence of the person injured.
"Authority: Delisle v. Bouriague [Bourriague],
 105 La. 77, 29 So.
 731
 Fall v. Manuel [La.App.],
 228 So.2d 494
4.
"The owner or keeper of an animal is liable for the damages caused by the animal upon even a slight showing of negligence or when the animal is wrongfully in the place where it causes the injury.
"Authority: Durham v. Barnes [La.
 App.], 124 So.2d 792
 Fall v. Manuel [La.App.],
 228 So.2d 494"