LANDRY, Judge.
Plaintiff (Appellant) appeals rejection of her claim for workmen’s compensation benefits based on a hand injury sustained during the course of Appellant’s employment as attendant or aide to a classroom teacher of retarded children, by defendant School Board (Appellee). The trial court dismissed Appellant’s action upon finding that Appellee paid Appellant compensation for the duration of Appellant’s disability. We affirm.
It is conceded that Appellant sustained a fracture of the second metatarsal bone of her right hand in a fall which occurred on September 17, 1971, during the course and within the scope of Appellant’s employment by Appellee.
Appellant’s duties consisted of assisting in the care, education and instruction of *857 mentally retarded children at the 8 and 9 year old level. Appellant served as aide or assistant to a teacher who planned all class activities for a small class of children. Few, if any, of the children could read or write. In addition to teaching the children the fundamentals of self care, Appellant assisted the class in dressing, grooming, and the use of bath and toilet facilities. Additionally, Appellant assisted in teaching the children the basics of painting, drawing and other arts compatible with the mental capacity of the class. Appellant was not required to do heavy lifting or to move cumbersome classroom furniture. Janitors were available for these chores. Although Appellant occasionally swept the classroom, she was not required to do so. However, on infrequent occasions, Appellant had to lift a child who had fallen or restrain a child suffering a seizure.
Appellant is 66 years of age. Following the accident, Appellant was seen and treated by a Dr. Field who placed Appellant’s right hand and arm in a cast. When Appellant’s injury did not respond to prolonged treatment, Dr. Field referred Appellant to Dr. Moss Bannerman. Dr. Field was not called to testify herein.
Dr. Moss Bannerman, Orthopedic Surgeon, first saw Appellant several months following the accident. Appellant complained primarily of pain, swelling and stiffness of the second, third and fourth fingers of Appellant’s right hand. Dr. Bannerman attributed Appellant’s condition to the fracture reported to him by Dr. Field. On July 31, 1972, Dr. Bannerman reported that although Appellant was suffering with a 25% permanent disability of the right hand, Appellant was able to resume her former duties. While Dr. Ban-nerman was still occasionally treating plaintiff for the injury as of the date of trial (April 24, 1974), it was Dr. Banner-man’s opinion that Appellant could resume her duties as classroom attendant with no significant pain, provided no heavy lifting was involved.
Plaintiff acknowledges receipt of maximum benefits from the date of her injury to July 31, 1972, the date on which Dr. Bannerman reported Plaintiff able to resume employment. Plaintiff also acknowledges that she never attempted to resume her employment because she could not work without appreciable pain. Plaintiff explained that she tested her working ability by performing volunteer work for a church nursery and thus found she could not handle children with her injured hand.
As in any other litigation, a plaintiff in a workmen’s compensation suit must prove his claim by a preponderance of evidence and to a legal certainty. Sensley v. Aetna Casualty and Surety Company, La.App., 269 So.2d 473; Richard v. Guillot, La.App., 271 So.2d 719.
In an action for workmen’s compensation benefits, lay testimony as to disability may not be considered where there is no serious dispute among the medical experts. In such cases, although the Courts may not ignore claimant’s statements concerning his ailments and disability, great weight must be accorded the contrary testimony of medical experts. Pearl v. Associated Indemnity Corporation, La.App., 224 So.2d 29; Richard v. Guillot, above.
Appellant’s reliance upon Chase v. Pointe Coupee Parish School Board, La.App., 89 So.2d 466, is without foundation inasmuch as the cited authority is factually inapposite. In Chase, above, a 62 year old teacher of 35 pupils, in all eight elementary grades, in a one room school, was found to be disabled because of residuals from a broken hip. Her disability was predicated on a showing that she could resume her former duties only if permitted to remain seated for 90% of the school day.
Both in the trial court and on appeal, Appellant urges that the liberal construction statutorily required in workmen’s compensation cases, makes any injury com- *858 pensable. Our courts have consistently recognized and applied the statutory rule of liberal construction in workmen’s compensation cases. However, to extend the rule to the degree advocated herein, would clearly enlarge the statute far beyond the limits envisioned by the legislature. We reiterate the rule, that despite the liberal construction principle applicable in cases of this nature, a claimant must establish his case by a preponderance of evidence. Raby v. East Baton Rouge Parish School Board, La.App., 289 So.2d 535.
The judgment of the trial court is correct in every respect and is affirmed at Appellant’s cost.
Affirmed.