WATSON, Judge.
This case and four others consolidated with it for trial and appeal involve an automobile-van collision on an interstate highway. The case is entirely factual, involving a decision by the lower court as to whether the van changed lanes suddenly and without warning or whether the van had changed lanes in ample time for the following automobile to slow and avoid the *884 collision. Since the case is one of facts, the fundamental issue on appeal is whether there was manifest error by the trial court in holding that the driver of the van was negligent and that the driver of the following automobile was not negligent.
There are five consolidated cases,[1] involving the drivers, their insurers and the passengers of the van.
Plaintiff here, Adam Andrew, was the owner and driver of a 1967 Ford vehicle (described in the pleadings as a panel truck and actually a van-type vehicle with windows all around). The defendants were William R. Lewis, owner and driver of a 1971 Plymouth automobile, and his automobile liability insurer, State Farm Mutual Automobile Insurance Company. Andrew had automobile liability coverage with Travelers Insurance Company. From a judgment in the consolidated cases against Andrew and Travelers, and in favor of Andrew’s guest passenger, as well as dismissing the claims against Lewis and his insurer, various appeals have been perfected.
In Andrew’s case he and his insurer appeal the holding that he was negligent and that Lewis was not.
The accident occurred on February 16, 1972, at approximately 4:50 p.m. on Interstate 10 in Acadia Parish, Louisiana, west of Crowley.
At a disputed time prior to the accident, the van was driven by Andrew and occupied by the plaintiffs in the consolidated cases, namely, Curley Sonnier, Rodney Ba-bineaux, Clarence Thibeaux and John White (Wyatt).
The trial court had the opportunity to see and hear most of the witnesses including the defendant, William R. Lewis, who testified that the van changed lanes suddenly and without warning and he was unable to avoid the collision.
Plaintiffs all testified that the van changed lanes in ample time for Lewis to slow and avoid the collision.
The only disinterested eyewitness to the accident was one John Charles Clarke whose testimony was presented by deposition. He was an 18-year-old youth who was hitchhiking and had been picked up at Seguin, Texas by Lewis. (Another youth was with Clarke but could not be located to give evidence). Clarke, according to his deposition, was seated in the back seat on the right; that is, behind the other passenger. According to Clarke, the parties entered Louisiana on Interstate 10 and stopped at a rest area for a two or three-hour nap. Then they proceeded east on I-10, which is a four-lane divided highway running generally east and west. Clarke testified in' his deposition that the Lewis vehicle was proceeding at about 70 miles per hour in the left lane, (also referred to as the inside lane meaning the lane next to the divider) as they approached the point of the accident. He testified that their lane was clear ahead but that the other lane, that is, the right lane, was occupied by a large semi-truck-trailer and a white van right behind it. His testimony was that
“ . . . as we were coming over the bridge like that, it just turned real — just whipped right into our lane; tried to pass that truck, and — ”
(Dep. p. 22)
The accident, he testified, took place at a bridge.
Clarke’s deposition was somewhat inconsistent in that he said the van made its movement when it was perhaps half a mile ahead but added that it pulled out “right in front of us” and there was no way, in his *885 opinion, that Lewis could have missed hitting it. (Dep. p. 23) He stated that there was no turn signal indication given by the van. Clarke added that he did not see the actual impact because he was on the floorboards in anticipation of the collision.
The investigating officer, Trooper Ervin J. Sonnier, testified as to his investigation and pointed out skidmarks left by the vehicles. The skidmarks are inconclusive as to fault on the part of the drivers.
The trial court, following a hearing on the merits, held:
“This court is of the opinion that the collision occurred as a result of the neglect of Adam Andrew and that the defendant William R. Lewis was free from negligence . . . ” (TR. 39-Record #5009)
Then the trial court proceeded to enter judgments accordingly, dismissing Andrew’s claim against Lewis and State Farm, but giving the passengers in the van judgment against Andrew and his liability insurer.
This case is, as pointed out by counsel for State Farm, almost entirely one of credibility (not in the strict sense of who is telling the truth but in the broader sense of weighing and appraising the testimony of the witnesses). The trial court saw and heard the witnesses; his position in judging credibility is superior to ours. There is a reasonable evidentiary basis for his decision. Thus, we find the trial court’s decision to be based on reasonable evaluations of credibility and reasonable inferences of fact, free of manifest error. Wiley v. Travelers Insurance Company, 300 So.2d 555 (La.App. 3 Cir. 1974). Also see Reech v. Bodin, 286 So.2d 477 (La.App. 1 Cir. 1973); and Jones v. Earthly, 313 So.2d 347 (La.App. 3 Cir. 1975).
The judgment appealed from is affirmed. Costs are taxed against appellant.
Affirmed.

. See opinions handed down this day in Sonnier v. Lewis, 316 So.2d 885; White v. State Farm Mutual Automobile Insurance Co., 316 So.2d 886; Babineaux v. Lewis, 316 So.2d 887; and Thibeaux v. Lewis, 316 So.2d 888.