WATSON, Judge.
This suit was consolidated for trial and appeal with Andrew v. State Farm Mutual Automobile Insurance Company, et al., docket No. 5005, 316 So.2d 883, a matter arising out of the same collision.
Plaintiff herein, Curley Sonnier, received a judgment in the trial court against the driver of the vehicle in which he was riding, Adam Andrew and Andrew’s liability insurer, Travelers Insurance Company, in the sum of $15,121.00. His claim against the driver of the other vehicle, William R. Lewis, and his insurer, State Farm Mutual Automobile Insurance Company, was dismissed. Defendants, Adam Andrew and Travelers, as well as plaintiff Sonnier have appealed from the judgment of the trial court, all contending that the trial court erred in dismissing the claim against William R. Lewis and State Farm. Defendants Andrew and Travelers also contend that the trial court erred in finding Andrew negligent. Plaintiff Sonnier also contends that the award of damages is grossly inadequate.
For the reasons assigned in Andrew v. State Farm Mutual Automobile Insurance Company et al., docket No. 5005, 316 So.2d 883, we find no manifest error in the trial court’s holding that the accident occurred as the result of Adam Andrew’s negligence and that William R. Lewis was not negligent. Therefore, the judgment of the trial court dismissing plaintiff’s suit against William R. Lewis and State Farm Mutual Automobile Insurance Company is affirmed.
Plaintiff, Curley Sonnier, received judgment against defendants, Adam Andrew and Travelers Insurance Company, in so-lido, for $15,121.00, consisting of $5,000 general damages and the following special damages:
Dr. C. C. Mathern, Jr.: $ 50.00
Dr. E. S. Fields: 547.00
American Legion Hospital, Inc.: 885.00
Walter Schmid, physical therapist: 1,139.00
Loss of wages: 7,500.00
Plaintiff’s major injury was to his right lower extremity. The right foot was displaced from its socket and the two major bones forming the socket, the tibula and the fibula, were broken. Post-injury, plaintiff had a functional ankle with some traumatic arthritis which caused a slight limp. His treating physician found a 10% total disability. Our review of the award for plaintiff’s injuries is limited to the question of whether or not there was an abuse of the trial court’s much discretion. The award is not so inadequate as to constitute an abuse of discretion. LSA-C.C. art. 1934.
Therefore, the judgment is affirmed.
All costs of this appeal are taxed against appellants.
Affirmed.