**143 So. 1**

## RATCLIFF v. LEVIN.

### No. 30244.

May 23, 1932.

Rehearing Denied June 20, 1932.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellant.

Foster, Hall, Barret & Smith, of Shreveport, for appellee.

ST. PAUL,

The case is stated generally in the opinion on the motion to dismiss, handed down January 4, 1932, and reported in 173 La. 931, 139 So. 10.

Briefly restated, so far as presently pertinent, it is as follows: Plaintiff sued for specific performance of a contract to buy 8,000 acres of land, or in the alternative for forfeiture of the contract and damages for breach thereof. On the trial of the case plaintiff apparently waived his demand for specific performance and confined himself to his demand for forfeiture and for damages. At any rate, the jury before whom the case was tried gave plaintiff a verdict forfeiting the contract and awarding him $3,500 damages, and plaintiff has neither appealed from any part of said judgment nor answered defendant's appeal in any way. On the other hand, defendant appeals, but he does not complain (in brief or in argument) that the judgment below did not order a specific performance. On the contrary, in his answer he averred that the plaintiff was at fault thereby releasing him, and in his turn asked in reconvention that he be allowed damages. Moreover, as set forth in the opinion on motion to dismiss, defendant has acquiesced in that part of the judgment below which declared the contract rescinded, by afterwards mortgaging certain property which he had given in part payment of the purchase price of the land, and to which he had, of course, no claim except by reason of such rescission. So that the only matter now before us is the question: Who was at fault, and what is the amount of the damages due the other party? That is in effect our ruling on the motion to dismiss.

## I.

It is not disputed that a contract was signed by the parties, and that defendant declined to comply with it. His defense is that after the parties had agreed upon certain lands other lands were substituted and defendant falsely assured that the lands were the same; and that plaintiff's title to the property involved is defective and not valid and merchantable.

These defenses are not established by a preponderance of the evidence. The proof thereof did not satisfy the jury nor the trial judge. "The burden [of proof] rests on an appellant to show, to the satisfaction of this court, that the judgment of which he complains is erroneous." Hanton v. N. O. & C. Ry., L. & P. Co., 124 La. 562, 583, 50 So. 544, 552. This appellant has not done; on the contrary, the alleged substitution was not complained of for more than a year after the contract was signed, during which he was being urged to comply with it; and in fact not until his answer was filed herein. Even then the alleged defect in plaintiff's title (set up only in the vague terms above mentioned) was not complained of until the defendant filed his supplemental answer. They are mere afterthoughts.

## II.

As the contract between the parties was not dissolved of right by the failure of the defendant to comply with it, but only by the judgment of dissolution (Rev. Civ. Code, art. 2046), it follows that plaintiff was obliged to hold the property until that dissolution was decreed. Plaintiff was therefore damaged by having to pay taxes on the property (vacant lands) without having the use of it. These amounted to over $3,000. And defend-

ant had agreed to pay interest on the unpaid portion of the purchase price. This interest, to which plaintiff would have been entitled had defendant complied with the contract, and which he lost because he was obliged to sue for its dissolution, amounted to more than $2,200. The sum awarded by the jury was therefore very moderate.

### III.

Of course, by reason of the dissolution of the contract defendant is entitled to have restored to him his note of $500 (and the $150 paid thereon), and also the property which he gave in part payment of the lands he agreed to buy. But these were all tendered to him in open court and refused by him. It is therefore unreasonable to ask us now to amend the judgment as to that and throw the costs upon plaintiff. However, plaintiff is not entitled to keep these and collect his judgment also; but we have no doubt that this is a matter which can and will be readily adjusted by the parties themselves, or in a summary manner in the court below, and calls for no amendment of the judgment here.

### Decree.

For the reasons assigned the judgment appealed from is affirmed.