ELLIS, Judge.
This case arises out of a one car accident which happened in East Baton Rouge Parish on October 6, 1964. Plaintiff’s son, David W. Mulkey, Jr., was driving plaintiff’s station wagon on Hooper Road with his brother, sister, and two cousins as passengers. Plaintiff’s petition alleges that, as the vehicle approached the bridge over the Comite River, the right rear tire blew out, causing Mulkey to close control of the vehicle, which struck the bridge several times before coming to a stop. It is further alleged that the right rear tire was purchased from Goodyear Tire & Rubber Company service store in Baton Rouge on August 14, 1964, and that the tire blew out through the side wall because of an inherent vice or defect in its construction. It is further alleged that Goodyear breached its implied warranty of quality and is therefore liable for damages occasioned thereby. By way of answer, Goodyear’s insurer, Aetna, alleged that the tire was not in any way defective and that the failure of the tire was due to its having been penetrated by some foreign object. The case was tried before a jury which rendered a verdict in favor of the defendants, and dismissed plaintiff’s suit. From the judgment of the Court, signed pursuant to the verdict, plaintiffs have taken this appeal.
The specifications of error all relate to alleged errors of law made by the Court in its instructions to the jury, with the exception of the last specification which relates to the alleged failure of the Court to present to the jury a verdict in special rather than general form.
Article 1793 of the Code of Civil Procedure provides in part as follows:
“A party may not assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.”
With respect to the first three specifications of error, we find that they all relate to instructions given to the jury which were not timely objected to by plaintiff. Under the provisions of the above article, plaintiff is precluded from urging that those instructions are erroneous.
The fourth specification of error relates to an instruction to which plaintiff did object when it was made. However, he failed to state the grounds of his objection either at the time it was made, as required by the above article, or in his brief. This specification of error is accordingly without merit.
*899 The fifth specification of error states that the Court erred “in not submitting the case to the jury on interrogatories as requested by counsel for plaintiff * * * There does appear in the transcript a sheet of paper containing such interrogatories, but there is nothing to indicate that it was or was not presented to the jury, or that such was even requested by plaintiff. In any event, there seems to be no mandatory requirement that such interrogatories be submitted to the jury by the Court, even when requested by a party. Articles 1811 and 1812, Code of Civil Procedure.
For the foregoing reason, we are of the opinion that the judgment appealed' from is correct and it is affirmed at plaintiff’s cost.
Affirmed.