370 So.2d 1310 (1979)
Robert Lee PARKER
v.
SOUTH LOUISIANA CONTRACTORS, INC., Solocol Pipeline Contractors, Inc., Martin Exploration Corporation, H. J. Serrette, and A. W. Eggleston, Inc.
No. 12594.
Court of Appeal of Louisiana, First Circuit.
April 16, 1979.
Rehearing Denied May 29, 1979.
*1311 Louis R. Koerner and Stephen M. Bernstein, A Professional Law Corp., New Orleans, counsel for plaintiff-appellee, Robert Lee Parker.
William A. Porteous, III, William W. Miles and Edward Brandao, of Porteous, Toledano, Hankel & Johnson, New Orleans, counsel for defendant-appellant, Martin Exploration Corp.
C. Edgar Cloutier, of Christovich & Kearney, New Orleans, counsel for intervenor-appellee, Atlas Truck Line, Inc.
Donald L. King, of Jones, Walker, Waechter, Pointevent, Carrere & Denegre, New Orleans, counsel for defendants-appellees, South Louisiana Contractors, Inc. and Soloco Pipeline Contractors, Inc.
*1312 Winston E. Rice, of Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, counsel for defendant-appellee, H. J. Serrette.
Michael Elvin Ponder and James E. Moore, of Franklin, Moore & Walsh, Baton Rouge, counsel for defendant-appellee, A. W. Eggleston, Inc.
Before ELLIS, LOTTINGER and BAILES, JJ.
LOTTINGER, Judge.
This is an action ex delicto filed by Robert Lee Parker against South Louisiana Contractors, Inc., Soloco Pipeline Contractors, Inc., Martin Exploration Corporation, H. J. Serrette, and A. W. Eggleston, Inc. From a judgment in favor of plaintiff and against the defendant, Martin Exploration Corporation, plaintiff and defendant have each appealed.
The record points out that plaintiff fractured an ankle when he fell in a hole while attempting to deliver oil field materials to a drilling site in the Bayou Bouillion Field in Iberville Parish. More particularly, plaintiff was directed by his employer, Atlas Truck Line, Inc., to deliver a truck load of oil field materials to a landing at Butte-LaRose for ultimate delivery to Martin Exploration Company at its drilling site in the Atchafalaya Basin. Plaintiff and a companion driver arrived at the Butte-LaRose landing about 2:00 P.M. the afternoon of August 5, 1974. Upon checking with the Soloco personnel at the landing, they learned it was necessary to barge their trucks downriver to a landing ramp near the drilling site. The tug and barge arrived at 9:00 P.M., and after loading the trucks onto the barge, the trip began downriver.
At the unloading site, where the accident happened, the barge was pushed into an unlighted ramp for purposes of unloading. Plaintiff departed the barge and walked up the levee to determine the direction of the board road which led to the drill site. Upon his return to the barge, he noticed his companion driver and personnel from the tug attempting to lower the loading ramp. In attempting to lower the ramp plaintiff stepped into a hole located in the middle of the ramp. The ramp was constructed similar to an automobile lift seen in service stations, with elongated support areas for the tires, and a space down the middle. The only light at the unloading ramp was from the truck headlights and a spotlight on the tug. Plaintiff stated that he was partially blinded by the tug's light shining in his face, though he shielded his eyes.
All defendants other than Martin were dismissed prior to trial.
After a jury trial, the jury awarded plaintiff $84,000.00. In answer to interrogatories it found the defendant, Martin, negligent in failing to have lights at the landing, having a ramp with a separation, failing to warn plaintiff of the separation in the ramp and that Martin's negligence was a proximate cause of the accident. It found no contributory negligence on the part of plaintiff. It further found a vice or defect in the construction of the ramp or lights at the loading site, this was a proximate cause of the accident, and Soloco and Martin jointly were responsible for the vice or defect in design or construction. The trial judge initially signed a judgment for $84,000.00, but subsequently amended the judgment to reduce the award by one half.
During oral argument, counsel for defendant-Martin seemingly argued for a remand because of the alleged errors by the trial judge. In Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975), the Supreme Court made it abundantly clear that for the sake of judicial economy, when an appellate court has all the facts before it, a trial judge's erroneous instructions to the jury or rulings on evidence do not warrant a remand. Though this writer does not necessarily agree with the arguments made and the position taken in Gonzales, because a party litigant is deprived of a jury's evaluation of credibility and its reasonable inferences of fact, as an intermediate appellate court, we are bound by this decision. We now proceed to a discussion of the errors assigned by defendant.
In appealing, defendant, Martin, has assigned the following specifications of error:
1. The trial court erred in failing to direct a verdict in favor of Martin *1313 Exploration Corporation, since the plaintiff failed to show fault on the part of Martin;
2. The trial court erred in admitting hearsay testimony by the captain of the tug concerning a fall into the same hole;
3. The trial court erroneously instructed the jury about (A) the business invitee doctrine, (B) the OSHA regulations, and (C) the applicability of La. C.C. art. 2317; and
4. The jury's award was excessive in amounts awarded specifically for future pain and suffering, future medical expenses, and future loss of income were not supported by the evidence.

DEFENDANT'S ERROR NO. 1
The basis of defendant's argument is that there was no evidence that defendant knew the loading ramp was to be used at night. Evidence was presented that the drilling rig was operating at night. It certainly does not take any imagination to realize that the vast petroleum exploration industry does not operate only 8 hours a day. In the search of oil and gas, every hour is valuable; every moment leased equipment stands idly by is expensive; thus exploration never ceases, it operates 24 hours a day. When equipment and supplies are needed it is unreasonable to believe that they would only be delivered during daylight hours. Defendant Martin knew or should have known that materials and supplies would be delivered during any hour of the day or night. Thus, we find no merit in defendant's argument.

DEFENDANT'S ERROR NO. 2
Defendant argues that the trial judge was in error in allowing the plaintiff to testify that he was told by the tugboat captain that he had fallen in the hole twice. Defendant contends this is hearsay testimony, and it should have been excluded.
Plaintiff argues that the defendant withdrew his objection to the hearsay testimony if the plaintiff would not relate that the tugboat captain referred to the ramp as a "deathtrap." We find in the record such a withdrawal of the objection by the defendant. The defendant, however, argues that this withdrawal of his objection was only as to the terminology "deathtrap", rather than the objection to the hearsay testimony.
Without determining whether this testimony should have been excluded, we find no reversible error because we do not believe that this evidence as compared to the record in its totality had any substantial bearing on the decision reached by the jury.

DEFENDANT'S ERROR NO. 3
As to the assignment of error that the trial court erroneously instructed the jury as to the business invitee doctrine, defendant premises its argument on the contention that it had no reason to believe that the ramp would be used at night. We have previously under defendant's error number one reasoned that Martin either knew or should have known that the ramp would be used at night, thus we find no merit in this assignment of error.
The defendant next argues that the trial judge should not have charged the jury that the OSHA standards applied to the obligations between the plaintiff and the defendant. It is argued that the OSHA regulations applied to obligations existing between an employer and an employee and that this situation does not exist in the present case. Be that as it may, this court in Greene v. Wright, 365 So.2d 551, 559 (La.App. 1st Cir. 1978) said: "`While statutory regulations are not in and of themselves definitive of civil liability, they may be guidelines for the court in determining standards of negligence by which civil liability is determined.' Smolinski v. Taulli, 276 So.2d 286, 289 (La.1973)." It is not the violation of the OSHA regulations, irrespective of whether they are applicable in this fact situation or not, that is negligence per se, but rather that the OSHA regulations give some guidelines as to adequate illumination in certain work areas. Thus, we find no error on the part of the trial judge in so charging the jury.
Next, the defendant argues that the trial judge was in error in charging the jury *1314 pursuant to La.C.C. art. 2317 to the effect that a party is responsible for an object in his control or custody. We do not necessarily agree that the loading ramp fits within the situation as enunciated by Loescher v. Parr, 324 So.2d 441 (La.1975), nor that the trial judge was without error in charging the jury as such. However, be that as it may, we do not find any error as such to be cause for reversal because immediately after charging the jury the trial judge said, to wit:
"In summary, for the plaintiff to have proved his case you must find that he has proven by a preponderance of the evidence, first, that the conduct of the defendants was below the standard of careI am sorry. First, that the conduct of the defendant was below the standard of care required for it. Second, that the substandard conduct caused the injury claimed and the defendant should have reasonable foreseen that as a result of its conduct some such injury as the plaintiff suffered would occur. You must also find that it failed to exercise reasonable care to avoid the injury. Third, that the standard of care which the defendant owes was imposed on it to protect the defendant [sic] against the claimed injuries."
Any error which existed in the charge to the jury was thus overcome by the subsequent general charge and certainly, the jury had more than enough justification under the facts presented to find defendant negligent for failing to have the loading ramp lighted.
Lastly, the defendant contends that there was a defective explanation of the preponderance of evidence and proximate cause which rendered the charge erroneous. We have reviewed this record thoroughly, and without ruling as to whether the charge was correct or not, we find that there was no error on the part of the trial court jury as to its finding of liability.

DEFENDANT'S ERROR NO. 4
Finally, defendant contends that the award of $84,000.00 in damages was excessive. The jury itemized its award as follows, to wit:

Physical injury suffered ------- $20,000.00
Pain and suffering, both physical
and mental ----------------------- $10,000.00
Permanent disability -------------- $ 5,000.00
Loss of earnings ------------------ $12,000.00
Loss of ability to earn in the future $30,000.00
Future medical expenses ------------ $ 4,000.00
Past medical expenses -------------- $ 3,000.00

Plaintiff suffered a fracture of his foot requiring an open reduction. He was hospitalized, had surgery to insert pins, and surgery again when the pins were removed. He has a 25% permanent disability of his foot, and there is a 50-50 chance that he may develop traumatic arthritis which will require further surgery. Though no specific time periods are found in the record other than plaintiff's return to work some 31 months after the accident, we are convinced that there was no abuse of discretion on the part of the trial jury for the award made.
In appealing, plaintiff, though he does not assign any specifications of error as required by Rule IX-A, Uniform Rules-Courts of Appeal, argues that (1) a judgment against an absent defendant must be annulled, (2) admitting statements suggesting that a settlement has been reached with absent parties is prejudicial error, and (3) as Martin was not entitled to either indemnity or contribution, the full amount of the jury verdict must be reinstated.
In essence, plaintiff is arguing that it was error for any evidence to be presented to the jury or any argument made to show that a settlement had taken place between plaintiff and any of the defendants who had been dismissed from the suit. Further, plaintiff is arguing that because of the error made by the trial judge, the jury reduced the award that it would have made to plaintiff, and in turn, the trial judge erred in reducing the award by one half.
We agree with the plaintiff that it was error for any mention of a settlement with any defendants to be made to the jury. Broussard v. State Farm Mutual Automobile Ins. Co., 188 So.2d 111 (La.App. 3rd Cir. 1966) writ refused 249 La. 713, 190 So.2d *1315 233 (1966). However, based on the facts as found in this record, we independently find that Soloco was negligent in the installation of the ramp by not including lighting for nighttime use. Just as we earlier found it reasonable that Martin should have foreseen nighttime use of the ramp, so should have Soloco. Additionally, we find the negligence of Soloco to be a proximate cause of the accident. We are not convinced that the jury reduced the award in favor of the plaintiff.
Plaintiff argues that the jury rendered a judgment against Soloco, an absent defendant. This is incorrect. A finding of negligence on the part of Soloco and that this negligence was a proximate cause of the accident is not the same as a judgment against Soloco. We find no judgment against Soloco in the record of this proceeding. The cases cited by plaintiff in support of his argument are inapposite.
We also disagree with plaintiff that the trial judge erred in reducing the jury award. A compromise and discharge of one of two joint tort-feasors will restrict the claimant's recovery against the other tort-feasor to one half. Harvey v. Travelers Ins. Co., 163 So.2d 915 (La.App. 3rd Cir. 1964).
Therefore, for the above and foregoing reasons the judgment of the trial court is affirmed at defendant-appellant's costs.
AFFIRMED.