417 So.2d 16 (1982)
Patricia PURCELL
v.
STATE FARM INSURANCE COMPANY, Harold Rentrop and Joseph Rentrop.
No. 12799.
Court of Appeal of Louisiana, Fourth Circuit.
June 9, 1982.
*17 Gerard G. Metzger, DeBlieux & Hurder, Baton Rouge, for plaintiff-appellant.
Burt K. Carnahan, Lobman & Carnahan, Metairie, for defendants-appellees.
Before SCHOTT, KLEES and WARD, JJ.
KLEES, Judge.
On December 29, 1978, the plaintiff-appellant was driving her vehicle on Canal Street when she entered the intersection of Canal and Claiborne Avenue. Upon entering the intersection her vehicle was struck on the left side by an automobile being driven by the defendant, Joseph Rentrop, who had entered the intersection on a red traffic signal. The plaintiff filed suit for damages and was awarded $10,000 after a trial on the merits. Since the trial court ordered both parties to pay their own costs the amount of the award reflecting general damages for pain and suffering amounted to $7,375.00.
The appellant argues that the award for pain and suffering was so low that it amounts to an abuse of discretion. She also argues that the trial court erred by refusing to provide an award for lost wages and by ordering both parties to bear their own costs.
Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances of the present case. Only after analysis of the facts and circumstances peculiar to this case and this individual, may a reviewing court determine that an award is inadequate. Reck v. Stevens, 373 So.2d 498 (La. 1977).
This particular plaintiff, a twenty-seven year old registered nurse, was taken to Mercy Hospital from the scene of the accident where she remained overnight for general observation. Five days later she was examined by her family doctor, Dr. Santo Lococo, who stated that he could find no objective symptoms but based upon subjective complaints was able to diagnose the patient's problems as an acute cervical strain. After this examination the plaintiff returned to work but after two days on the job she felt that she was incapable of working due to headaches and pain she experienced while lifting objects.
On January 9, 1979 the plaintiff referred herself to a neurologist, Dr. Maria Palmer, who could find no neurological disorder. However, Dr. Palmer did notice limitation in the motion of her neck and muscle spasms. Dr. Palmer saw the plaintiff on a number of occasions between January, 1979 and March, 1980 but not between March and September, 1979. The visit in March, 1980 was precipitated by an accident she had on her job. She continued to complain of weakness and numbness in her arms and hands. Dr. Palmer cited as the reason for her lengthy recovery the radical thyroid surgery she had undergone in 1969 which left a degree of scar tissue and weakened the muscles in her neck. Dr. Palmer's final diagnosis for the plaintiff was chronic cervical sprain with soft tissue injury.
On May 1, 1979, while she was seeing Dr. Palmer, the plaintiff referred herself to Dr. Richard Paddison. The plaintiff submitted to a number of tests but because of inconsistent results and her failure to return for a scheduled appointment he was unable to diagnose her problems.
Finally, Dr. Richard Levy examined the plaintiff on June 25, 1979 at the request of the defendant insurer. He observed no objective findings and felt that she was capable of returning to work.
*18 Our review of the facts and circumstances peculiar to this plaintiff and this case lead us to believe that the plaintiff was suffering from an acute cervical strain with soft tissue injury. Given the nature of her injuries and additionally considering the effect that the prior thyroid surgery had on her recovery we are unable to conclude that $7,375 in general damages is so inadequate as to amount to an abuse of discretion.
The plaintiff argues that she should have been provided with an award for lost wages. Whether she was incapable of working is a question of fact to be decided by the trial judge. After hearing the testimony of the doctors and that of the plaintiff he concluded that the plaintiff was not entitled to an award for lost wages.
After a careful review of the record we can find nothing which would indicate that the trial judge's decision to deny an award for lost wages is manifestly erroneous. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
Finally, the plaintiff asserts that the trial judge erred when he ordered both parties to bear their own costs, C.C.P. Art. 1920:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause. Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
Although the general rule is to tax the party cast in judgment the trial judge has wide discretion and may assess the costs of the suit in a manner in which he deems is equitable; and his assessment of the costs can only be reversed by an appellate court upon a showing of an abuse of discretion. We can find no such abuse.
Accordingly, the decision of the trial court is affirmed, and costs of the appeal are to be borne by the appellant.
AFFIRMED.