428 So.2d 834 (1983)
Katherine STEVENS
v.
ALLSTATE INSURANCE COMPANY, et al.
No. 82-C-6.
Court of Appeal of Louisiana, Fifth Circuit.
February 7, 1983.
Rehearing Denied April 18, 1983.
Gordon Hackman, Boutte, for plaintiff.
Richard L. Edrington, George Ann Rayne Graugnard, Accardo, Carville, Edrington, LeBlanc & Golden, LaPlace, for defendants.
Before BOUTALL, GAUDIN and GRISBAUM, JJ.
GRISBAUM, Judge.
This is an appeal from a jury trial in which there was a judgment in favor of *835 defendant Allstate Insurance Company dismissing plaintiff Katherine Stevens' personal injury action for injuries she received when she was allegedly hit by a vehicle driven by an uninsured motorist, Dianne Barconey, as she walked along a street in Boutte, Louisiana.[1] Katherine Stevens appeals the dismissal of her claim against Allstate; Allstate appeals only that part of the judgment which assesses all costs against it. We affirm.
Two basic issues are presented. Was the jury's finding that Dianne Barconey was not the proximate cause of plaintiff's injuries clearly erroneous, and, secondly, did the trial court abuse its discretion in casting the successful defendant for all costs?
The facts are in dispute. Plaintiff claims on October 3, 1979, while walking with her sister along Magnolia Street in Boutte, Louisiana, she was hit by an automobile which left the scene of the accident. Plaintiff was knocked into a ditch; however, her sister was able to throw a coke on the trunk of the car that hit the plaintiff and thereafter followed the car into a nearby shopping center. Plaintiff arrived at the shopping center shortly thereafter. This sister testified she saw Mrs. Barconey leave the automobile and called to Mrs. Barconey as she entered a store. Both sisters waited at the automobile thought to be involved in the accident and finally confronted Dianne Barconey with the incident when she returned to her automobile.
Mrs. Barconey, on the other hand, had a different version of the incident. She testified she had not driven on Magnolia Street on October 3, 1979 and did not hit plaintiff. She stated at trial that she took another street to the shopping center, parked her car, did her shopping, and returned to her automobile only to be confronted by plaintiff and her sister who accused her of hitting plaintiff.
After hearing the testimony of plaintiff and two of her sisters, Dianne Barconey and Olivier Barconey, as well as depositional testimony of plaintiff's physician, the jury returned an unanimous verdict finding Dianne Barconey was not the proximate cause of plaintiff's injury; however, the trial judge assessed all costs against Allstate Insurance Company.
Plaintiff attacks the jury's conclusion that Dianne Barconey was not the proximate cause of plaintiff's injury. From the evidence a central question is whether Dianne Barconey in fact hit plaintiff. The resolution of this issue depended to a large extent on the credibility of the witnesses. It is well established that factual findings of a jury, particularly those based on evaluations of credibility, should not be reversed on appeal unless clearly wrong. McElroy v. Vest, 407 So.2d 25, 28 (La.App. 3d Cir.1981). It appears from the unanimous jury finding that this jury chose to accept Mrs. Barconey's testimony that she did not hit plaintiff. She, therefore, could not be the proximate cause of plaintiff's injury. We do not find this conclusion clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978).
In addressing the second issue, we note that La.C.C.P. art. 1920 permits a trial court to render judgment for costs against any party as it may consider equitable. We further recognize the wide discretion the trial judge has in these matters. Considering the overall circumstances of this case, we find no abuse has been shown. See, Green v. Orleans Parish School Board, 365 So.2d 834, 838 (La.App. 4th Cir.1978).
For the reasons stated above, the jury verdict is affirmed as well as the trial court's assessment of costs at the level; costs of this appeal are assessed to plaintiff.
AFFIRMED.
NOTES
[1] Allstate Insurance Company is included in this suit because plaintiff's sister, Mary Stevens, had an insurance policy with Allstate Insurance Company which included an uninsured motorist provision covering the type of accident alleged in this case.