447 So.2d 504 (1984)
Patricia COURTNEY
v.
WINN-DIXIE LOUISIANA, INC.
No. 83-CA-578.
Court of Appeal of Louisiana, Fifth Circuit.
February 6, 1984.
Rehearing Denied March 16, 1984.
Writ Denied May 4, 1984.
*505 Gordon Hackman, Boutte, for plaintiff-appellant.
Dan R. Dorsey, River Ridge, for defendant-appellee.
*506 Before CHEHARDY, GRISBAUM and DUFRESNE, JJ.
CHEHARDY, Judge.
This appeal originates in the Twenty-Fourth Judicial District Court, Division "O", wherein the trial court judge dismissed plaintiff's claim for damages pursuant to the jury's finding of no negligence on the part of the defendant. Plaintiff now appeals.
Plaintiff filed suit seeking damages for personal injuries that she allegedly sustained as a result of two slip and fall accidents, both occurring at Winn Dixie stores. The first fall was on Wednesday, March 18, 1981 at approximately 3:30 p.m. Plaintiff was shopping in the defendant store at 3408 Williams Boulevard in Kenner, Louisiana when she allegedly slipped on a piece of green leafy matter on the floor in the produce aisle. Then on August 16, 1981, while shopping at the defendant store located in the Colonial Shopping Center, Harahan, Louisiana, plaintiff slipped in an accumulation of water and fell.
After a trial on the merits, plaintiff moved for a directed verdict which was denied and the case was then submitted to the jury. The jury returned a verdict of no negligence on the part of Winn Dixie by replying "no" to the first question of the jury interrogatories. In accordance with the jury interrogatories, the jury answered no further questions.
After a reading of the verdict, plaintiff moved for a judgment notwithstanding the verdict which was denied. A motion for a new trial was then denied and plaintiff has appealed, raising the following specifications of error: that (1) The trial judge erred in failing to correct a clearly wrong jury verdict on no liability and the trial judge was clearly wrong in failing to grant a motion for a directed verdict on liability and comparative negligence and, likewise, in failing to grant the motion for a new trial or judgment NOV; that
(2) The trial judge erred in failing to require the jury to answer specific interrogatories, asking it to return only a general verdict; that
(3) The trial judge erred in allowing evidence of plaintiff's prior fall, rather than limiting the evidence to plaintiff's prior condition; that
(4) The jury and trial judge erred in failing to award damages to plaintiff; that
(5) The trial judge erred in failing to render written reasons for his denial of the motion for new trial, JNOV, as well as special jury interrogatories; and that
(6) The trial judge erred in allocating costs against plaintiff rather than considering the equities as required by law.
This court in Carollo v. Shoney's Big Boy Enterprises, 433 So.2d 803 (La.App. 5th Cir.1983), adopted the law as to slip and fall accidents as summarized in Smith v. Winn Dixie Stores of Louisiana, Inc., 389 So.2d 900 (La.App. 4th Cir.1980) at page 901:
"The jurisprudence reflects the view that upon proof that a foreign substance was on the floor at the time the plaintiff entered the store; that the plaintiff stepped on this foreign substance; and that it caused her to slip, fall, and suffer injury, the burden shifts to the defendant to go forward with the evidence to exculpate itself from the presumption that it was negligent. The defendant, as store owner, can carry its burden by establishing that it was free from fault and that it exercised reasonable care in protecting its customers from foreign substances on the floor. Reasonable care is exercised when the store owner takes reasonable protective measures, including periodic inspections, in order to keep the floors and aisles free of substances or objects that may cause customers to fall. If the evidence presented is sufficient to establish that the store owner has carried its burden, then the presumption of negligence will be rebutted and the defendant will be exonerated from liability. (Citations omitted)
".... One other rule which must be considered here is that the storeowner is not the insurer of the safety of its customers *507 and further that it does not have to keep its entranceways, aisles and passageways in perfect condition." (Citations omitted)
This court, in Carollo, supra at page 805, went further to adopt the following rule expressed in Hanzo v. Travelers Insurance Co., 357 So.2d 1346 (La.App. 4th Cir.1978) at page 1349:
".... What is relevant to each case... is that a reasonable effort is made to insure the patron's safety under the circumstances...." (Citations omitted)
With these rules in mind, we now address appellant's specifications of error.
At the close of the evidence, appellant moved in accordance with LSA-C.C.P. article 1810(A) for a directed verdict as to Winn Dixie's liability and for a finding that plaintiff was not contributorily negligent. Appellant so moved on the grounds that there had been no regular inspections by store employees. This motion was promptly denied October 1, 1982.
The court in Oppenheim v. Murray Henderson Undertaking, 414 So.2d 868 (La.App. 4th Cir.1982) affirmed a motion for directed verdict made by plaintiff in a trial by jury. As to the proper standard, that court pronounced and we adopt the following:
"The standard for granting a directed verdict (Art. 1810(A) of the Louisiana Civil Code Procedure) was set out in Campbell v. Mouton, 373 So.2d 237 (La. App. 3rd Cir.1979), whereby the court stated:
`[The statute allows] the judge to conclude the litigation (in a jury trial) if the facts and inferences are so overwhelmingly in favor of the moving party that the court believes that reasonable men could not arrive at a contrary verdict.'
The court, in Campbell, further states that the standard of proof is to be based on the Federal standard and cites the language in Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir.1969) in enunciating the state standard to be used:
`On motion for directed verdict and for judgment notwithstanding the verdict that Court should consider all of the evidencenot just that evidence which supports the non-mover's casebut in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions (sic) is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury."
We cannot say the trial court erred in failing to grant plaintiff's motion for directed verdict in light of the above standard. After reviewing the record, we conclude neither party enjoyed a strong or overwhelming position as to the facts which would justify the granting of such motion.
Plaintiff's testimony at trial stood uncorroborated and her credibility was continually attacked. It was plaintiff's testimony that her husband witnessed her first fall while her youngest daughter witnessed the second. Not only did these two eyewitnesses fail to appear, but plaintiff made no attempt whatsoever to have them appear and testify on her behalf. As to plaintiff's husband, she explained on cross-examination that she had not seen him for approximately eight months. When questioned as to why she failed to have her daughter appear on her behalf, plaintiff replied, "I didn't see any sense in bringing her, you know. This happened when she was ten years old. And I didn't think she would doyou know, she would be needed." Plaintiff's failure to call either of these people as witnesses, both of whom were the only purported eyewitnesses, raises the inference that their testimony would not have corroborated her story. Corollo v. Shoney's, supra. We believe this inference to be strong as there is no indication *508 whatsoever that these witnesses were unavailable at the time of trial.
As to the first fall, March 18, 1981, plaintiff testified that the fall was caused by her slipping on some green leafy matter. She testified when she hit it, she slid on it, rolling it into a ball and leaving green skid marks. Her account had the leafy matter rolled into a cylinder four inches long and not quite as thick as her little finger, and the skid marks were eight to ten inches long. Additionally, plaintiff testified that there was other debris on the floor: pieces of paper, dirt and artificial grass.
In contrast to the testimony of the plaintiff is the testimony of two Winn Dixie employees, Joseph Liggio and Jack Hayes. Mr. Liggio was called to the scene immediately after the accident. Upon his arrival, he observed a skid mark on the floor. He testified that at first he did not see anything, but when he got down real close to the floor on his knees, he was able to observe a skid mark. In contrast to the testimony of the plaintiff, he stated that this skid mark was about three inches long. In further contrast to the testimony of the plaintiff, Mr. Liggio stated that the substance on the floor was a smear and not a rolled up leaf. He further stated that there was no other debris or leaves on the floor. Also in contrast to the testimony of the plaintiff is the testimony of Jack Hayes, Winn Dixie's store manager. He testified that he observed no skid marks. Mr. Hayes went on to testify about Winn Dixie's safety and inspection procedures in that it is their policy that all employees are to observe conditions on the floor and are to clean up immediately any spills that might occur.
Gary Duffy, the produce manager at the store where the March, 1981 accident occurred, testified that he spends a lot of time on the floor in the produce aisle and that he had inspected the floor just prior to plaintiff's fall. According to his testimony, the floor had been inspected and was free of any substance. While loading potatoes, he learned from Mr. Liggio that the plaintiff had slipped and fallen. When he then looked at the spot where the plaintiff said she had slipped, he first noticed nothing on the floor. He then said that when he looked closer he noticed what looked like a piece of cabbage about the size of a dime. He testified that this piece of cabbage had not been there moments before when he inspected the area. Further rebutting the contention of the plaintiff that she slipped on anything on the floor is the statement that Mr. Duffy said that a piece of cabbage he observed on the floor did not appear to have been stepped or slipped on. In further contrast to the testimony of the plaintiff, he testified that there were no skid marks on the floor.
Regarding the slip and fall plaintiff contends occurred in August, 1981, she testified that she slipped in a "big pile of water." The testimony of the plaintiff as to the amount of water on the floor was contradicted by Sam Abate, Winn Dixie's store manager at the time of this accident. In contrast to the statement of the plaintiff that there was a lot of water on the floor, he testified that the water was cleaned up with a few paper towels, inferring that there was not a lot of water on the floor. Further, there was no showing how the water got on the floor, how long it had been there, or where it had originated.
A motion for directed verdict would have been appropriate only if reasonable and fair-minded men in the exercise of impartial judgment could not have disagreed on the issue of defendant's liability. In light of the testimony and evidence adduced at trial, we believe the trial court did not commit error in the denial of plaintiff's motion for directed verdict. The liability issue presented relied upon whether Winn Dixie presented evidence sufficient to rebut the presumption of negligence, exonerating them from liability and the credibility of the witnesses which would determine whether a fall occurred in either accident. These are questions which the trial judge properly presented to the jury for resolution.
There is no reference whatsoever that a motion JNOV was ever made, orally or *509 written. The only mention of such motion appears in the record (Volume 3, p. 274) as follows:
Request for Written Reasons for Judgment
Now comes plaintiff, through counsel, suggesting to the court under CCP 1917, plaintiff is entitled to the reasons for the denial of the Motion for a New Trial and the Motion for Judgment NOV, and that plaintiff requests the full reasons for denial of the Motion for New Trial and the failure of the court to give special jury interrogatories.
Other than the above reference, there is no evidence to substantiate appellant's claim that such motion was ever made.
Appellant timely filed her motion for new trial on the peremptory basis that both the jury's verdict and the signed judgment were clearly contrary to the law and evidence. LSA-C.C.P. article 1972(1). A hearing was held November 8, 1982; and on March 21, 1983, the trial court rendered judgment denying the motion, being of the opinion that the law and the evidence were in favor of the defendant as determined by the jury.
As explained earlier in our treatment of the trial court's denial of the directed verdict motion, we agree with the trial court that the law and evidence both favor defendant. Accordingly, we find nothing in the record indicative of the slightest abuse by the trial judge in denying plaintiff's motion.
Plaintiff, in accordance with LSA-C.C.P. article 1811(A), requested a special verdict in the form of a special written finding upon each issue of fact. Instead, the jury was given interrogatories in conformity with the mandatory requirements of LSA-C.C.P. article 1811(B). Appellant now asserts that the trial court's failure to give the interrogatories she requested was error.
LSA-C.C.P. articles 1811 and 1812 are within the discretion of the trial judge. Brown v. Lykes Bros. S.S. Co., Inc., 422 So.2d 213 (La.App. 4th Cir.1982); Mulkey v. Aetna Casualty & Surety Co., 210 So.2d 897 (La.App. 1st Cir.1978). In the present case, the trial judge did submit special verdict interrogatories in accordance with LSA-C.C.P. article 1811(B). Appellant has failed to demonstrate and we can find no abuse of discretion in the trial judge's decision not to give interrogatories as to each issue of fact.
Plaintiff filed a motion in limine to exclude evidence relating to an injury plaintiff received as a result of an earlier 1979 slip and fall accident. Although counsel acknowledged that medical evidence could be admitted to show plaintiff had a documented medical condition that could have been aggravated, he argued that because plaintiff had sustained two separate falls in Winn Dixie stores, the fact of an earlier fall would tend to prejudice the jury against her. This motion was denied.
During cross-examination, defense counsel questioned Dr. Nadell, an orthopedic surgeon, as to what sort of accident necessitated the 1979 cervical fusion. Plaintiff objected, but the question was allowed. The question and Dr. Nadell's response are as follows:
"Q. Was it in '79. Did she give you a history as to how that happened?
A. I believe she was pumping gas or something like that and she slipped and fell back and hit her breast and knee and ankle and neck and lumbar spine. Now that's as far back as I go."
Appellant has the burden of showing error. Ratcliff v. Levin, 175 La. 49, 143 So. 1 (1932). Appellant has failed to present to this court how the possible prejudicial effect of such testimony outweighed its relevance. Without determining whether this testimony should have been excluded, we find no error as we fail to see how this evidence, when compared to the record in its totality, had any substantial bearing on the verdict reached by the jury. Parker v. South La. Contractors, Inc., 370 So.2d 1310 (La.App. 1st Cir.1979).
*510 Appellant next argues that under LSA-C.C.P. article 1917 the trial court should have complied with her request for written reasons for judgment, as well as for the denial of the motion for new trial, JNOV, and request for special jury interrogatories. The failure of the trial court to comply, appellant alleges to be error. We disagree.
As to the judgment, LSA-C.C.P. article 1917 requires the court to comply with a request to give written finding of fact, but in cases "other than those tried by a jury...." LSA-C.C.P. article 1917 is inapplicable in the instant case.
As to appellant's motions under LSA-C.C.P. articles 1810, 1810.1 and 1811, we know of no statutory duty compelling the court to furnish such written reasons. Further, the appellant has failed to furnish any compelling reason why this court should encumber the trial court with a jurisprudential duty to do so. Accordingly, we find no merit to appellant's alleged error.
Appellant also contends the trial judge erred in allocating costs against her rather than considering the equities as required by law. Appellant argues that LSA-C.C.P. article 1920 grants the trial judge discretion to allocate as he may consider equitable.
LSA-C.C.P. article 1920 is as follows:
"Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
"Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable."
On review, a trial judge's assessment of costs can only be reversed by this court upon a showing of abuse of discretion. Purcell v. State Farm Insurance Company, 417 So.2d 16 (La.App. 4th Cir.1982). We must note, however, that while it is the general rule to tax the party cast in judgment, the trial judge may assess the costs of a suit in any equitable manner. In some situations, the best interests of justice are served by casting the prevailing party with all costs. Indeed, in Stevens v. Allstate Insurance Co., 428 So.2d 834 (La.App. 5th Cir.1983), we affirmed a judgment in favor of Allstate, but assessed defendant with all costs of the jury trial. This court, through Judge Charles Grisbaum, Jr., at page 835 reasoned:
"... [w]e noted that La.C.C.P. art. 1920 permits a trial court to render judgment for costs against any party as it may consider equitable. We further recognize the wide discretion the trial judge has in these matters. Considering the overall circumstances of this case, we find no abuse has been shown." (Citations omitted)
When considering the overall circumstances of this case (specifically that appellant is single, has one dependent, has not been employed for two and a half years prior to suit, that both the initial suit and subsequent appeal were filed in forma pauperis, and that it was defendant who requested the jury trial), we find the trial court's discretion in assessing costs was abused. We find that equity, under the facts of this case, requires the prevailing appellee to pay all costs of the jury trial.
Accordingly, for the reasons expressed above, the jury's verdict finding no negligence on the part of Winn Dixie is affirmed; however, that part of the judgment casting all costs against plaintiff is hereby reversed and all costs are assessed to defendant.
AFFIRMED IN PART; REVERSED IN PART.