BOWES, Judge.
We are presented here with the curious situation of an appeal from a judgment granting a new trial. By long-established jurisprudence, the granting of a new trial is an interlocutory judgment not subject to appeal. See, for example, Pate v. Crescent Motors Exchange, Inc., 256 So.2d 471 (La.App. 4th Cir.1972).
Plaintiff filed suit against defendant and his insurer for personal injuries sustained in an automobile accident, occurring on December 14, 1981. Defendant Allstate Insurance Company requested a jury trial.
Trial was held on March 12-14, 1984. After hearing the evidence, the jury, answering special interrogatories, found that the defendant was guilty of substandard conduct in causing the accident, but that such did not proximately cause the plaintiffs injuries.
Following the verdict, the plaintiff filed a motion for a judgment notwithstanding the verdict and, alternatively, for a new trial. The trial court denied the Judgment Notwithstanding the Verdict, but granted the new trial. Allstate appealed, alleging that granting the new trial was an abuse of the trial court’s discretion, and also complaining of the assessment of civil jury trial fees against it.
Plaintiff filed a rule to show cause why the appeal should not be dismissed. After the submission of memorandums, this Court, without comment, ordered that the appeal be maintained on the docket.
Defendant alleged the following assignments of error:
1. The trial court erred in assessing jury fees against appellant who was found negligent but not liable.
2. The trial court abused his discretion in granting a new trial.
Addressing the last issue first, we find no abuse of discretion in the trial court having granted a new trial. La.Code of Civil Procedure Article 1811 provides, in pertinent part:
A. (1) Not later than seven days after the signing of the judgment or, if notice of the signing of the judgment is required under Article 1913, not later than seven days after the clerk has mailed or the sheriff has served the notice, a party may move for a judgment notwithstanding the verdict. If a verdict was not returned, a party may move for a judgment notwithstanding the verdict not later than seven days after the jury was discharged.
(2) A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative.
B. If a verdict was returned the court may allow the judgment to stand or may *351 reopen the judgment and either order a new trial or render a judgment notwithstanding the verdict. If no verdict was returned, the court may render a judgment or order a new trial.
Article 1973 states that a new trial may be granted in any case if there is good ground therefor. A proper application of this article necessitates an examination of the facts and circumstances of the individual case. When the trial judge is convinced by his examination of the facts that the judgment would result in a miscarriage of justice, a new trial should be ordered. Lamb v. Lamb, 430 So.2d 51 (La.1983). A trial court has virtually unlimited discretion to order a new trial, even on its own motion, when it is convinced that a miscarriage of justice has resulted. Deliberto v. Deliberto, 400 So.2d 1096 (La.App. 1st Cir.1981); Tebbe v. Avegno, 435 So.2d 513 (La.App. 4th Cir.1983).
An examination of the record convinces us that there was a more than sufficient basis for the judgment granting a new trial.
Plaintiffs treating physician, Dr. Raymond Kitziger, testified that plaintiff complained of having hit her right knee on the steering wheel during the accident, and that she complained of pain from January of 1982 through December of 1982. Plaintiff suffered from a condition known as chrondromalacia, a degenerative condition of the cartilage (in the case of the right knee). This condition can develop as a result of aging, or it can be caused by trauma such as the accident in question. In his opinion, the plaintiff’s condition was a result of the automobile accident, which was either the primary cause or which vastly accelerated the chrondromalacia.
Plaintiff underwent surgery to correct or modify the problem. She was given a disability rating of 10% in the knee. The testimony of Dr. Kenneth Saer, who examined plaintiff in May of 1983, does not contradict Dr. Kitziger’s testimony. Plaintiff herself, of course, testified that she injured her knee.
Dr. Catherine Roland, a psychologist, testified relative to the plaintiff’s emotional problems, including her fears about being able to continue employment (she was a waitress obliged to stand on her feet for long periods of time) and the financial consequences of not being able to work. Dr. Roland also discussed plaintiff’s anxiety about her physical limitations in her personal life. Dr. Roland’s diagnosis of anxiety and depression was not contradicted by other testimony, but, in fact, was bolstered by Dr. Kitziger’s reports.
In short, while we do not presume to decide the merits of the case, we find that there was sufficient reason for the trial court to order a new trial.
As to defendant’s other assignment of error, this court has previously noted in Courtney v. Winn Dixie Louisiana, Inc., 447 So.2d 504 (La.App. 5th Cir.1984):
On review, a trial judge’s assessment of costs can only be reversed by this court upon a showing of abuse of discretion. Purcell v. State Farm Insurance Company, 417 So.2d 16 (La.App. 4th Cir. 1982). We must note, however, that while it is the general rule to tax the party cast in judgment, the trial judge may assess the costs of a suit in any equitable manner. In some situations, the best interests of justice are served by casting the prevailing party with all costs. Indeed, in Stevens v. Allstate Insurance Co., 428 So.2d 834 (La.App. 5th Cir.1983), we affirmed a judgment in favor of Allstate, but assessed defendant with all costs of the jury trial. This court, through Judge Charles Grisbaum, Jr., at page 835 reasoned:
“... [w]e noted that La.C.C.P. art. 1920 permits a trial court to render *352 judgment for costs against any party as it may consider equitable. We further recognize the wide discretion the trial judge has in these matters. Considering the overall circumstances of this case, we find no abuse has been shown.” (Citations omitted)
Considering all the circumstances of the parties involved, we find no abuse of discretion in the trial judge’s assessment of costs.
For the foregoing reasons, the judgment of the trial court ordering a new trial in the present case is affirmed.

AFFIRMED.