DUFRESNE, Judge.
This appeal arises from a tort suit brought by plaintiff, Shelly Clement, as a result of an accident which occurred in Reserve, Louisiana during the early morning hours of January 18, 1985. The plaintiff was driving on Airline Highway (U.S. 61) when she collided with a horse owned by defendant, Michael Torres. Immediately preceding the accident, plaintiff had stopped for a traffic light and proceeded ahead at 40 to 50 miles an hour into a rather foggy area on the highway. Due to the fog she could only see a short distance in front of her vehicle. She saw a “patch of white” ahead of her but was unable to avoid striking “an object” which she later learned was the defendant’s horse.
Plaintiff sued Michael Torres and his liability insurance carrier, State Farm Fire & Casualty Company and her underinsured motorist carrier, Lloyd’s of Louisiana. She reached a settlement with Lloyd’s with reference to her property damage and UM claim. Lloyd’s filed a cross claim against State Farm seeking recovery of its subro-gated interest.
This case was tried before a jury and after presentation of evidence a verdict was returned finding defendant, Torres 51% negligent and plaintiff, Clement 49% negligent. The jury assessed damages as follows:
Medical Expenses $2,345.65
Loss Wages 284.04
General Damages 5,000.00
Total: $7,629.69
*92 The trial judge rendered a judgment awarding plaintiff damages in accordance with the jury verdict. From this judgment the plaintiff has appealed.
The appellant urges that the jury erred in finding the plaintiff negligent and in finding the defendant only 51% negligent. She further alleges that the damage award is inadequate and should be increased.
The plaintiff attacks the jury’s conclusion that plaintiff was at fault, or alternatively that the proportion of fault attributable to her was grossly over estimated. The resolution of this issue depended to a large extent on the credibility of the witnesses. “It is well established that factual findings of a jury, particularly those based on evaluations of credibility, should not be reversed on appeal unless clearly wrong.” Arceneaux v. Domingue, 365 So.2d 1330 (La. 1968) and Stevens v. Allstate Ins. Co., 428 So.2d 834 (La.App. 5th Cir.1983).
The plaintiff was the only witness to testify concerning the accident itself — since there were no other witnesses to the incident. She indicated she had driven into a foggy area on the highway and hit “an object” which she later learned was a horse. She testified she could not see very far on the highway.
The defendant testified concerning the circumstances under which his horse had gotten out of its enclosure and onto the highway that night. Torres indicated that in order for the horse to get onto U.S. Highway 61, someone would have to open the three-lock mechanism on the catch pen and allow the horse into an open pasture, then open another gate with a three-lock mechanism onto the highway area. Torres further testified that on the morning following the accident he investigated and found that the horse had been led, in a straight path, from the catch pen through the front gate. He also testified that both gates were closed and locked the night before the accident.
Louisiana law provides for strict liability of an owner of an animal who injures another, however, he can exonerate himself by showing that the harm or damages resulted from some independent cause not imputable to the owner such as fault of the victim, fault of a third person, or a fortuitous event. La. C.C. art. 2321. To exonerate the animal owner from liability, independent cause must be the sole cause of the damages. Olsen v. Shell Oil Co., 365 So.2d 1285 (La.1978).
The unanimous jury verdict found the plaintiff 49% at fault and apparently chose to conclude that both plaintiff and defendant were almost equally responsible for the accident. There was sufficient evidence before the jury which furnished a reasonable basis for their factual conclusion. The law in this State is clear, a reviewing court should not disturb a jury’s reasonable evaluations of credibility or reasonable inferences of fact, even if a contrary inference from other evidence is equally reasonable. We do not find this jury’s conclusion clearly wrong. Arceneaux and Stevens, supra.
Applying these principles of appellate review of fact, we decline to disturb the jury verdict below.
Regarding the issue of quantum, plaintiff argues that the jury abused its discretion in awarding a woefully inadequate sum to compensate plaintiff for her injuries.
Plaintiff was treated by three physicians, initally she visited her family physician, Dr. Christy A. Montegut, who discovered no objective findings, only tenderness in the neck and shoulder, bruises of the right arm and knee and swelling on the forehead.
The second physician she visited was Dr. Luis Bogran who noted bruises on her right shoulder, tenderness in the lower back, a slight lump and stiffness and tenderness of the neck. His diagnosis of plaintiff’s condition was that of a cervical lumbosacral strain, with mention of a chipped tooth.
Additionally, plaintiff had the occasion to visit Dr. C.B. Scrignar, a physician specializing in the field of psychiatry. He found *93 plaintiff to be suffering from a post-traumatic stress disorder associated with acute anxiety.
Dr. Luis Bogran found that the plaintiff was essentially relieved of any symptoms as the result of her accident as of March 7, 1985. The jury also heard Dr. Bogran testify that the plaintiff returned to work on February 21, 1985, slightly more than one month after the accident.
The trier of fact is awarded broad discretion in making an award of general damages. LSA-C.C. art. 1934(3). Only when the record reveals a clear abuse of this discretion are we justified in disturbing a jury’s award of damages. Perniciaro v. Brinch, 384 So.2d 392 (La.1980) and Reck v. Stevens, 373 So.2d 498 (La.1979).
Our review of the record convinces us that the jury was not manifestly erroneous and did not abuse their “much discretion” in awarding plaintiffs damages.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
GAUDIN, Judge, dissents with written reasons.