CHEHARDY, Chief Judge.
Plaintiff, Nancy Harris, appeals from a tort judgment in her favor, seeking an increase in her general damage award. Defendants argue for reduction of the award. We affirm.
On November 30, 1984, plaintiff was traveling north on West Harding Street. Defendant, Ralph Schexnayder, was traveling northeast on Park Avenue, the inferior street, which is governed by a stop sign at the intersection. Schexnayder failed to stop at the intersection. His truck struck Mrs. Harris’ vehicle at the driver’s side door and fender, forcing her car into a roadside ditch. The cervical injury that Mrs. Harris sustained in the accident generated this suit. An assessment of its damage value forms the basis of the appeal.
*56 Mrs. Harris and her husband, Clarence, sued Schexnayder; his employer, St. Charles Parish Waterworks District # 1; and its insurer, Middlesex Insurance Company, in negligence. Trial testimony on liability was provided by Mrs. Harris and investigating sheriffs deputy, Jerome' Eugene. Defendants did not seriously contest liability; Robert Schexnayder did not testify. The jury found that Schexnayder’s negligence was the legal cause of the accident and that Mrs. Harris was entitled to damages. It awarded $5,000.00 in past and future pain and suffering and $5,000.00 in future medical expenses. Prior to jury deliberation, the parties had stipulated to plaintiffs recovery of $4,100.00 in lost wages and $5,292.99 in past medical expenses. Defendants’ counsel moved that the total award, $19,392.99, be made the judgment of the court.
On appeal, Mrs. Harris argues that $5,000.00 in general damages is an abusively low award; she suggests an increase to $10,000.00. The cases cited by plaintiff in brief to support the increase report injuries distinguishable from those suffered by Mrs. Harris and are not persuasive of an amendment to the award.
At trial Mrs. Harris testified that within 24 hours of the accident, she experienced the onset of pain and spasm in her neck and right upper shoulder. She was treated conservatively beginning December 1, 1984 by Dr. Dominic Arcuri, family practitioner. On initial examination, he found palpable spasm in the superior portion of the right trapezius and sternocleidomastoid muscles and treated plaintiff with rest, local heat and muscle relaxants. Plaintiff continued to see Dr. Arcuri on an every two- to three-week basis through March of 1985. She continued with neck and shoulder complaints, as well as stiffness and pain on motion and pain when lifting her arms above shoulder level. In late January, 1985, Dr. Arcuri diagnosed plaintiffs injury as a chronic cervical muscle strain with spasm involving the right shoulder and upper back. No bony injury to the neck was evident. The doctor continued plaintiff on anti-inflammatory medication and prescribed physical therapy. Mrs. Harris continued to see Dr. Arcuri once a month in the summer of 1985 and then every other month until January of 1986. The doctor recorded palpable muscle spasm or tenderness on examination.
Physical therapist, Michael Murphy, treated Mrs. Harris with moist heat, ultrasound, electrical stimulation and traction three times a week beginning January 8, 1985. Murphy testified that plaintiff improved for the first several months of treatment and enjoyed “good” range of neck motion by February, 1985. Her use of a T.E.N.S. unit decreased plaintiffs pain level. Mrs. Harris continued with chronic complaints of neck and shoulder pain, aggravated with straining or reaching activity. She remained in treatment until January, 1986 when Murphy told her there was nothing more physical therapy could offer her.
Dr. Robert D’Ambrosia, defendants’ orthopedic surgeon, examined Mrs. Harris on May 19, 1986, one and one-half years after the accident. At examination, plaintiff complained of neck and low back pain but stated that her neck had improved 50% since the accident and that she was learning to deal with the residual pain. On examination, Dr. D’Ambrosia could not detect any palpable muscle spasm. His neurological examination of plaintiff’s upper and lower extremities showed no motor or sensory deficit and cervical spine x-rays showed normal vertebral development.
At trial Mrs. Harris testified that after the year of physical therapy, her pain had lessened to the point where she could live with it. She experienced daily residual pain and medicated herself with Ibuprofen 800 mg three times a day. She explained that, at present, she sees a doctor only when the “medicine is not helping.” Most recently she believed she had been examined twice in the three months preceding the June, 1989 trial.
Mrs. Harris testified that she has been in pain every day since the accident. She is less active now and her pain is aggravated by activity such as lifting or prolonged sitting. She cannot hold her grandchild for *57 any length of time. Mr. Harris documented his wife’s inability to perform household chores though he testified that she complained less now than in the two years immediately following the accident.
In fixing general damages, the trier of fact, here the jury, is afforded wide discretion to adequately compensate the injured person for his injury under the facts shown to exist in his case. LSA-C.C. art. 1999. Before a court of appeal can disturb an award made by a trial court the record must clearly reveal that the trier of fact abused its discretion in making its award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977); Reck v. Stevens, 373 So.2d 498 (La.1979).
Close examination of the particular facts of the case, here preserved in the record, document the existence of Mrs. Harris’ cervical strain with associated neck and shoulder spasm, tenderness and pain. Dr. Arcu-ri testified that Mrs. Harris exhibited objective physical findings compatible with a straining injury for one year after the accident. Plaintiff testified to a lessening of her pain thereafter. The jury, who had the benefit of viewing both the fact and expert witnesses and of assessing their credibility and the weight to be given their testimony on the medical, as well as the liability issues of the case, awarded general damages of $5,000.00. The record before us does not clearly show that the jury abused its discretion in making the award. The damages granted are not so abusively low as to mandate reversal. See, e.g., Finkelstein v. Pena, 538 So.2d 1022 (La.App. 5 Cir.1989); Johnson v. Pepperman, 512 So.2d 1225 (La.App. 5 Cir.1987); Clement v. Torres, 503 So.2d 91 (La.App. 5 Cir.1987).
In brief, appellees-defendants submit that the jury award of $5,000.00 in future medical expenses should be reversed, arguing that plaintiff did not establish the need for, or the cost of, such treatment. Appel-lees-defendants did not appeal or file an answer to plaintiff’s appeal, seeking this reduction in judgment. LSA-C.C.P. art. 2133. As such we do not consider this argument. Arrow Fence Co. v. DeFrancesch, 466 So.2d 631 (La.App. 5 Cir.1985).
DECREE
The district court judgment is affirmed. Costs of the appeal are assessed equally between Mrs. Harris and the defendants.
AFFIRMED.