WICKER, Judge.
NME Hospitals, Inc., the plaintiff in this suit to collect pledged and assigned accounts receivable, appeals a ruling refusing to tax as court costs NME’s expert accounting fees. We affirm.
NME and Joseph Guarnieri, M.D. contracted for NME to manage the financial aspects of Dr. Guarnieri’s medical practice. Dr. Guarnieri signed a $200,000.00 promissory note in NME’s favor, secured by an assignment of his accounts receivable. Dr. Guarnieri filed for bankruptcy but continued to collect and use for himself the accounts which he had pledged to secure his debt. Both before and after the filing for bankruptcy, NME managed Dr. Guarnieri’s accounts.
NME brought suit and, in preparing its case, had Dr. Guarnieri’s records audited. NME and Dr. Guarnieri stipulated to the amount determined by NME’s accountant, and the parties went to trial. A jury awarded judgment against Dr. Guarnieri in the amount of $121,528.10; and Dr. Guarnieri has satisfied this judgment.
NME moved to tax as costs the fee it paid its accountant to audit Dr. Guarnieri’s records. The accountant did not testify; but he did sign an affidavit asserting the amount of his fee, his opinion that the fee was reasonable and customary, and his further opinion that “there was no confusion or additional cost caused in the review of the records by any manner in which the records were handled or maintained by the custodian thereof [NME].” The judge denied the motion, reasoning that “the statutory language of Article [R.S.] 13:3666 and the cited jurisprudence indicates that mover is not entitled to recover these fees.”
The judge has discretion to assess costs. La.C.Civ.P. art. 1920. We will reverse that assessment only where he or she has abused that discretion. Courtney v. Winn-Dixie Louisiana, Inc., 447 So.2d 504 (La.App. 5th Cir.1984), writ denied 449 So.2d 1359 (La.1984). In this case there is no statutory mandate to assess these accounting fees as costs. The accountant was neither appointed by the court as an expert, as per La.C.Civ.P. art. 192, or called *318 as a witness by either party, as in La.R.S. 13:3666. We do not believe the judge abused his discretion and affirm the judgment.
AFFIRMED.